15 F.3d 1091
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Macario DURAN, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Terrell H. AMERS, Defendant-Appellant.
 Nos. 91-50177, 91-50180.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 2, 1993.
Decided Jan. 20, 1994.
 
 1
 Before: BROWNING, FARRIS, and KELLY,* Circuit Judges
 
 
 2
 MEMORANDUM**
 
 I. Amers
 A.
 
 3
 Amers was convicted of conspiracy and is therefore liable for the acts of his co-conspirators in furtherance of the conspiracy, which the jury could conclude included the theft charged in count 7. Pinkerton v. United States, 328 U.S. 640, 646 (1946); United States v. Crespo de Llano, 838 F.2d 1006, 1019 (9th Cir.1987).
 
 
 4
 There was sufficient evidence that Amers failed to report on his federal tax return income "received in 1988 from illegal thefts of currency." There was evidence Amers received substantial unreported income in 1988. There was also evidence Amers received stolen money that year--Sobel testified that in August, 1988, Deputy Garner said to him, "I got 40 G's off of Yepes. How about each of us gets ten and Kalinterna and Amers gets five?" Within roughly ten days of that seizure, Amers made two cash deposits totalling $1300 to his accounts. Viewed in the light most favorable to the government, this evidence sufficed.
 
 B.
 
 5
 The trial court did not restrict Amers' cross-examination of Sobel. The court properly excluded Franzen's testimony under Fed.R.Evid. 608(b) since it was offered as extrinsic evidence of specific instances of misconduct. United States v. Lew, 875 F.2d 219, 223 (9th Cir.1989).
 
 C.
 
 6
 We agree with the district court that the FBI's handwritten notes of its interviews with Sobel contain no material discloseable under the Jencks Act, since they are not a "substantially verbatim recital of an oral statement." 18 U.S.C. Sec. 3500(e). The draft FBI 302 reports are not discloseable under the Act, since are were not "contemporaneous" recordings of Sobel's testimony, and Sobel never approved or adopted them or presented them to the grand jury. Id.
 
 II. Duran
 A.
 
 7
 The affidavits supporting the search warrant gave the magistrate judge a substantial basis for finding probable cause to search Duran's two houses, his mother's house, his wife's business, and a safe deposit box. The affidavits contained evidence Duran was involved in a conspiracy to commit thefts as recently as two months prior to the searches. The magistrate judge was entitled to draw reasonable inferences as to the likely location of evidence of a crime considering the nature of the evidence and of the crime. United States v. Fannin, 817 F.2d 1379, 1382 (9th Cir.1987). It was reasonable to conclude, based on common sense and the expert testimony of the FBI agents, that people will keep records of their financial transactions in their homes.
 
 
 8
 The search warrant authorized seizure of eight specific categories of items that were "fruits, instrumentalities, and evidence of violations of 18 U.S.C. 371, 666, 1951, 1952, 1956(a); Title 31 U.S.C. 5313, 5324; and Title 26 U.S.C. 7201 and 7206(1)." This detailed description meets the specificity requirement of the Fourth Amendment. United States v. Brown, 951 F.2d 999, 1004 n. 1. (9th Cir.1991).
 
 
 9
 Duran was not entitled to a Franks hearing because he failed to make a prima facie showing that the affidavit contained misstatements. United States v. DiCesare, 765 F.2d 890, 894-95 (9th Cir.1985). He relied upon the absence of certain statements in the transcript of the September 25, 1989 meeting, but that transcript was admittedly incomplete.
 
 B.
 
 10
 Duran attempted to "procur[e] another person to ... conceal evidence that is material to an official investigation," U.S.S.G. Sec. 3C1.1, comment. 3(d) (1990), by asking Kositchek not to reveal that he was paid in cash. He therefore merited the adjustment for obstruction of justice. The Guidelines section applicable in United States v. Werlinger, 894 F.2d 1015 (8th Cir.1990), Sec. 2B1.1(b)(4), already accounted for "significant affirmative steps ... to conceal the offense," rendering the Sec. 3C1.1 adjustment duplicative; the guidelines section at issue here, Sec. 2S1.3, contains no such provision.
 
 
 11
 The district court's finding that Duran "knew or believed that the funds [involved in the structuring] were criminally derived property" was not clearly erroneous. The sentence enhancement under Sec. 2S1.3 was proper since the record contains evidence Duran was involved in the theft conspiracy and spent significant sums of money not attributable to any alternative sources of income.
 
 
 12
 Duran offered no evidence suggesting the district court's refusal to grant Duran an adjustment for acceptance of responsibility under Sec. 3E1.1 was clearly erroneous.
 
 
 13
 We address the appropriateness of the adjustment of Duran's offense level for abuse of a position of trust under Sec. 3B1.3 in a separate per curiam opinion, filed simultaneously with this memorandum.
 
 
 14
 Affirmed.
 
 
 
 *
 Honorable Paul J. Kelly, Jr., Circuit Judge, United States Court of Appeals for the Tenth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or for the courts of this circuit except as provided by 9th Cir.R. 36-3