**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Maria C. DURAN, Defendant–Appellant.**

**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Lilia VAZQUEZ, Defendant–Appellant.**

Nos. 93–50418, 93–50421.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 1, 1994.

Decided Dec. 1, 1994.

Scott S. Furstman, Santa Monica, CA, for defendant-appellant Duran.

Jerald W. Newton, Santa Monica, CA, for defendant-appellant Vazquez.

Patrick R. Fitzgerald, Sally L. Meloch, and Nancy B. Spiegel, Asst. U.S. Attys., Los Angeles, CA, for plaintiff-appellee.

Before: BROWNING, FARRIS, and LEAVY, Circuit Judges.

FARRIS, Circuit Judge:

Appellants Maria Duran and Lilia Vazquez appeal from their convictions and sentences. At a jury trial, Maria Duran was convicted of conspiracy to obstruct justice and commit perjury, two counts of aiding and abetting

perjury, filing a false tax return, two counts of structuring transactions, and filing a false loan application. Lilia Vazquez was convicted of conspiracy to obstruct justice and commit perjury and two counts of perjury. We hold that Maria Duran's and Lilia Vazquez's sentences for their conspiracy and perjury convictions should not have been increased by three levels. We affirm the district court's decision on the other issues discussed in this opinion.[1]

## I. BACKGROUND

Maria Duran's husband, Macario Duran, worked for a "Major Narcotics Violator Crew," a department within the Los Angeles County Sheriff's Office responsible for investigating money laundering and narcotics trafficking. In 1988 and 1989, Macario Duran stole money from the Crew during its drug investigations and money seizures. During the same time period, Maria Duran failed to report all of her income from her beauty salon business to the IRS.

In an effort to conceal this illegal money, Macario and Maria Duran opened several bank accounts and purchased items with large sums of cash. Macario and Maria Duran also purchased a house in Northridge, California. To purchase the Northridge house, the Durans falsified a loan application by stating they had $99,000 in a savings account. To verify the account, they submitted a photocopy of a falsified savings account passbook.

When federal investigators questioned the Durans, Macario Duran told investigators that part of the money they used to purchase the Northridge house came from an $80,000 loan from Maria Duran's mother, Lilia Vazquez. When investigators questioned Lilia Vazquez, she denied making the loan and did not know that the Durans had purchased the Northridge house. Later when testifying before a grand jury, Lilia Vazquez stated

that she did make the $80,000 loan and that the loan came from her savings.

Macario Duran was convicted of structuring currency transactions to evade reporting requirements in violation of 31 U.S.C. § 5324. The jury failed to reach a verdict on charges of conspiracy to commit theft and income tax evasion. We affirmed his conviction and sentence. *United States v. Duran,* 15 F.3d 131 (9th Cir.1994) (per curiam); *United States v. Duran,* 15 F.3d 1091 (9th Cir.1994) (unpublished disposition). Maria Duran was indicted on two counts of structuring currency transactions in violation of 31 U.S.C. §§ 5313(a), 5324(3), and 5322(a), but the charges against her were severed during trial. Lilia Vazquez was not charged in the original indictment.

The government then filed the superseding indictment involved in the present appeal. It added the following charges against Maria Duran: one count of conspiracy to obstruct justice and commit perjury before the grand jury in violation of 18 U.S.C. §§ 371, 1503, and 1623; two counts of aiding and abetting perjury in violation of 18 U.S.C. §§ 2 and 1623; one count of filing a false tax return in violation of 26 U.S.C. § 7206(1); and one count of making false statements on a loan application § 18 U.S.C. § 1014. Lilia Vazquez was added as a defendant and charged with two counts of perjury in violation of 18 U.S.C. §§ 2 and 1623 and with conspiracy to commit perjury and obstruct justice in violation of 18 U.S.C. §§ 371, 1503, and 1623. The court entered judgment on the jury's verdict finding both defendants guilty on all counts.[2] Maria Duran and Lilia Vazquez appeal.

## II. DISCUSSION

### A. VINDICTIVE PROSECUTION

■ Appellants Maria Duran and Lilia Vazquez contend that the government violat-

---

1. In a separate unpublished disposition, we hold that the evidence was insufficient to support Maria Duran's conviction for aiding and abetting Lilia Vazquez's perjury. We also reverse Maria Duran's counts of structuring currency transactions in violation of 31 U.S.C. §§ 5322(a) and 5324(a)(3). On all other issues, we affirm the district court's decisions and sentencing.

2. Macario Duran was charged in the superseding indictment with several offenses, including income tax evasion, theft from a federally funded program, and several drug-related offenses. He was convicted on all counts, and his convictions are on appeal.

ed their due process rights by vindictively prosecuting them in retaliation for Macario Duran's decision to stand trial. Because this issue involves a mixed question of law and fact, we review *de novo*. *United States v. Martinez*, 785 F.2d 663, 666 (9th Cir.1986).

■ The Supreme Court has held that the Due Process Clause prohibits government from "punish[ing] a person because he has done what the law plainly allows him to do." *Bordenkircher v. Hayes*, 434 U.S. 357, 363, 98 S.Ct. 663, 668, 54 L.Ed.2d 604 (1978). For example, we dismissed an indictment where the prosecutor brought additional charges because the defendant exercised his right to a change of venue. *United States v. DeMarco*, 550 F.2d 1224, 1226 (9th Cir.1977), *cert. denied*, 434 U.S. 827, 98 S.Ct. 105, 54 L.Ed.2d 85 (1977). In this case, no due process violation has occurred. The government has not retaliated against Maria Duran or Lilia Vazquez for exercising any of *their* rights.[3] If the prosecutor has probable cause to believe a defendant committed a crime, the decision of whether to prosecute and the charges to be filed rests with the prosecutor. *Wayte v. United States*, 470 U.S. 598, 607, 105 S.Ct. 1524, 1530–31, 84 L.Ed.2d 547 (1985).

## B. CHALLENGES TO THE INDICTMENT

■ Lilia Vazquez and Maria Duran challenge the sufficiency of the government's indictment, which we review *de novo*. *U.S. v. James*, 980 F.2d 1314, 1316 (9th Cir.1992).

### 1. *Failure to Allege Materiality of Perjurious Statements.*

■ Lilia Vazquez contends that the indictment's two perjury counts are insufficient because they fail to state that Vazquez's perjurious testimony was material. Vazquez did not raise this argument in district court. Although challenges to the sufficiency of the indictment are never waived, we construe tardily challenged indictments in favor of

validity. *U.S. v. Chesney*, 10 F.3d 641, 643 (9th Cir.1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 1414, 128 L.Ed.2d 85 (1994).

■ Although materiality is an essential element of a conviction for perjury, the government need not specifically allege materiality if the facts pleaded in the indictment "warrant the *inference of materiality.*" *United States v. Oren*, 893 F.2d 1057, 1063–64 (9th Cir.1990) (upholding indictment alleging a false statement in violation of 18 U.S.C. § 1001) (alteration in original) (citations omitted). In the indictment the government quoted Lilia Vazquez's perjurious statements before the grand jury that she loaned the Durans $80,000 and that she made the loan from her savings. This information (1) was directly relevant to the grand jury's investigations into Macario Duran's thefts and the Durans' false statement on a loan application and (2) is sufficient to warrant an inference that Lilia Vazquez's perjurious statements were material to the grand jury's investigation.

### 2. *Violation of 18 U.S.C. § 1503.*

■ Maria Duran and Lilia Vazquez contend that the indictments improperly alleged a violation of 18 U.S.C. § 1503. The indictment charged Duran and Vazquez with obstructing "the federal investigation of Macario Duran." They contend that obstructing a judicial proceeding, not an investigation, is required to trigger § 1503. Because Duran and Vazquez did not raise this issue at trial, we construe the indictment in favor of validity. We reject their argument. Although the indictment stated the conspiracy's objective in general terms (i.e. "impede the federal investigation"), the indictment also stated that Maria Duran and Lilia Vazquez planned to carry out the conspiracy through Vazquez's false testimony before the grand jury. We follow the Fifth Circuit and hold that impeding a grand jury investigation constitutes a judicial proceeding for purposes of § 1503. *United States v. Vesich*, 724 F.2d

---

**3.** Appellants also contend that the government vindictively prosecuted them in retaliation for Maria Duran's motion to sever in the original trial. Because appellants did not raise this issue

in district court, we do not consider it on appeal. *United States v. Conkins*, 9 F.3d 1377, 1382 (9th Cir.1993).

451, 454 (5th Cir.1984) (also citing Third Circuit cases).

### 3. Use of Immunized Testimony to Prove Perjury Conspiracy.

■ Lilia Vazquez asserts that the indictment improperly used Vazquez's immunized testimony before the grand jury to prove the perjury conspiracy. Under 18 U.S.C. § 6002, the government may not use immunized testimony in a criminal prosecution except for "perjury, giving a false statement, *or otherwise failing to comply with the [immunity] order.*" (emphasis added) Vazquez contends that § 6002 does not encompass the crime of conspiracy to commit perjury. This· issue presents a question of first impression in this circuit.

We hold that the final clause of § 6002 encompasses a prosecution of conspiracy to commit perjury. *See, e.g., United States v. Gregory,* 611 F.Supp. 1033, 1037 (S.D.N.Y. 1985) (holding false testimony can be used to show a conspiracy to give false testimony). A conspiracy to commit perjury is simply an agreement between defendants not to comply with the order. Such an agreement to commit perjury frustrates the purpose of the grant of immunity. *Pillsbury Co. v. Conboy,* 459 U.S. 248, 253, 103 S.Ct. 608, 611–12, 74 L.Ed.2d 430 (1983) (finding the purpose of the immunity statute, which includes § 6002, is to provide the government with an evidence gathering tool). Thus, when a person falsely testifies under a grant of immunity, the government may use that testimony as evidence of a conspiracy to commit perjury.

### C. EXCLUSION OF EVIDENCE

#### 1. Exclusion of Hearsay Evidence.

At trial Duran and Vazquez proffered a witness who allegedly could testify that Maria Duran made an out-of-court statement that she was attempting to get a loan from Lilia Vazquez. The district court excluded the witness's testimony because it is hearsay. Although they admit the testimony is hearsay, Duran and Vazquez contend that excluding the evidence violates their due process rights and their Sixth Amendment right of compulsory process.

■ When deciding whether an evidentiary rule violates the Due Process Clause or the Sixth Amendment, we balance the importance of the evidence against the state's interest in exclusion. *Perry v. Rushen,* 713 F.2d 1447, 1452 (9th Cir.1983), *cert. denied,* 469 U.S. 838, 105 S.Ct. 137, 83 L.Ed.2d 77 (1984). Normally we apply a five-part balancing test. *Tinsley v. Borg,* 895 F.2d 520, 530 (9th Cir.1990), *cert. denied,* 498 U.S. 1091, 111 S.Ct. 974, 112 L.Ed.2d 1059 (1991). In this case we need not apply the five-part test because Maria Duran herself could have testified on the issue. If her testimony had been challenged by the government, she then could have introduced the witness's testimony as a prior consistent statement. Maria Duran, however, chose not to testify. She cannot use hearsay evidence as a substitute for her own testimony.

#### 2. Exclusion of Evidence for Discovery Violation.

■ Maria Duran and Lilia Vazquez contest the district court's decision to exclude evidence that Lilia Vazquez received a $20,-000 worker's compensation award. Duran and Vazquez admit that they violated Fed. R.Crim.P. 16 by not disclosing the alleged award until after the government concluded its case-in-chief. Nevertheless, they contend the sanction was inappropriate because the evidence supported Lilia Vazquez's contention that she loaned the Durans $80,000. We review the district court's sanction for discovery violation for abuse of discretion. *United States v. Mandel,* 914 F.2d 1215, 1219 (9th Cir.1990).

■ To determine whether the district court abused its discretion, we examine whether the evidence was "of decisive value" or if the exclusion was "disproportionate to the conduct of counsel." *United States v. Aceves–Rosales,* 832 F.2d 1155, 1157 (9th Cir. 1987) (per curiam), *cert. denied,* 484 U.S. 1077, 108 S.Ct. 1056, 98 L.Ed.2d 1018 (1988). The trial record shows that the excluded evidence was not of decisive value. The government's expert witness testified that if she had known of other assets, it might have affected her opinion that Lilia Vazquez did

not make the loan. Testimony from IRS agents, however, demonstrated that Lilia Vazquez did not sell any assets, withdraw sufficient cash from any bank account, take out any loans, or earn sufficient income during the period in question to make the loan. Moreover, Maria Duran and Lilia Vazquez called their own expert witness, who testified that Lilia Vazquez could have made the loan.

We also hold that the sanction was appropriate given the conduct of the defense counsel. The government moved pursuant to Rule 16(b) to exclude all defense exhibits that were not disclosed to the government by December 3. At the hearing on the government's motion, Duran's and Vazquez's counsel assured the district court that they would timely produce all evidence. Without showing any cause, counsel failed to produce evidence of the worker's compensation award until after December 3. Because this was a "strategic decision to withhold the [evidence] until after the close of the government's case," appellants must "accept the risk arising from this behavior." *Aceves–Rosales,* 832 F.2d at 1157.

 Duran and Vazquez also allege that the exclusion of the worker's compensation award deprived them of their due process rights and Sixth Amendment right to present their defense. We follow the Supreme Court's decision in *Taylor v. Illinois* and hold that the exclusion of this evidence was constitutional. 484 U.S. 400, 416, 108 S.Ct. 646, 656–57, 98 L.Ed.2d 798 (1988) (holding that preclusion of evidence as a sanction for the discovery violations of defense counsel does not violate the Sixth Amendment).

## D. SENTENCE ADJUSTMENT FOR PERJURY PROSECUTION

 Both Maria Duran and Lilia Vazquez contend that the district court improperly adjusted their conspiracy and perjury sentences upward by three levels for substantial interference with the administration of justice. U.S.S.G. § 2J1.3(b)(2). Note 1 of the Commentary to § 2J1.3 provides that "substantial interference with the administration of justice" includes "the unnecessary expenditure of substantial governmental or court resources." The government, relying

on this Commentary, argues that the three level increase is appropriate because they had to expend resources to bring Vazquez and Duran to trial. Thus, the adjustment was based solely on the cost of prosecuting Vazquez and Duran for the very offense charged by the government.

Because the government could not identify any expenses in addition to the costs of bringing Maria Duran and Lilia Vazquez to trial, the three level increase is inappropriate. We agree with the Second Circuit that expenses associated with the underlying perjury offense should not form the basis of an upward adjustment under § 2J1.3(b)(2). *United States v. Jones,* 900 F.2d 512, 522 (2d Cir.), *cert. denied,* 498 U.S. 846, 111 S.Ct. 131, 112 L.Ed.2d 99 (1990); *see also United States v. Pattan,* 931 F.2d 1035, 1042 (5th Cir.1991) (stating that an obstruction of justice adjustment may not be imposed under U.S.S.G. § 3C1.1 based upon the perjury that formed the basis for the conviction), *cert. denied,* —— U.S. ——, 112 S.Ct. 2308, 119 L.Ed.2d 229 (1992). Under the government's reading of the Guidelines, every perjury defendant would be subject to the enhancement. We join the Second Circuit and reject such a reading.

## III. CONCLUSION

In an unpublished memorandum disposition addressing the issues not discussed in this opinion, we REVERSE Maria Duran's convictions on both counts of aiding and abetting perjury and both counts of structuring currency transactions in violation of 31 U.S.C. §§ 5322(a) and 5324(a)(3). We AFFIRM Maria Duran's convictions on all other counts but VACATE her sentences and RE-MAND for resentencing consistent with our holding in Part II.D. of this opinion.

We AFFIRM Lilia Vazquez's convictions on all counts but VACATE her sentences and REMAND for resentencing consistent with our holding in Part II.D. of this opinion.

AFFIRMED in PART; REMANDED for RESENTENCING.