NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 17 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10306 |
| Plaintiff-Appellee, | D.C. No. 2:14-cr-00169-GEB-5 |
| v. | |
| JASVIR KAUR, | MEMORANDUM* |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10307 |
| Plaintiff-Appellee, | |
| v. | D.C. No. 2:14-cr-00169-GEB-3 |
| HARJIT JOHAL, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., Senior District Judge, Presiding

Submitted October 10, 2018**

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

San Francisco, California

Before: MURGUIA and FRIEDLAND, Circuit Judges, and HINKLE,[***] District Judge.

Harjit Kaur Johal and Jasvir Kaur challenge their convictions under 18 U.S.C. § 1623 for making false declarations to a grand jury during its investigation of a large-scale unemployment and disability insurance fraud scheme orchestrated by Mohammad Riaz "Ray" Khan and Mohammad Shabaz Khan. We affirm.

First, we reject Kaur's and Johal's argument that the district court erred in denying their motion to sever because they were improperly joined. Joinder was proper under Fed. R. Crim. P. 8(b) because, although Kaur and Johal were charged with separate counts of offering false testimony to the grand jury, the indictment stemmed from the same larger investigation and the false testimony related to the same aspects of the alleged fraudulent scheme. The charges against each defendant arose "out of the same series of acts or transactions," *United States v. Martin*, 567 F.2d 849, 853 (9th Cir. 1977), and a substantial number of the facts the Government needed to prove at trial were overlapping, *United States v. Vasquez–Velasco*, 15 F.3d 833, 844 (9th Cir. 1994). Moreover, even if they were improperly joined, reversal is not required because improper joinder is subject to

---

[***] The Honorable Robert L. Hinkle, United States District Judge for the Northern District of Florida, sitting by designation.

2

harmless error review. *United States v. Lane*, 474 U.S. 438, 449 (1986). Kaur and Johal have failed to show any possible prejudice.

Second, Kaur and Johal argue that the district court improperly admitted evidence under Federal Rule of Evidence 404(b) that Johal participated in earlier fraud schemes organized by the Khan brothers. Even assuming the Government is incorrect that these prior acts fall outside the parameters of Rule 404(b) because they are inextricably intertwined with the charged offense, the evidence was properly admitted under Rule 404(b)(2) for the purpose of showing lack of mistake and a common plan or scheme. *See, e.g., United States v. Mehrmanesh*, 689 F.2d 822, 830 (9th Cir. 1982). Kaur and Johal's arguments that the evidence should have been excluded under the materiality and sufficiency of the evidence prongs of the test in *United States v. Romero*, 282 F.3d 683, 688 (9th Cir. 2002), are unavailing. Nor did the court plainly err in failing to exclude the evidence under Federal Rule of Evidence 403. *See United States v. Plunk*, 153 F.3d 1011, 1019 n.7 (9th Cir. 1998). Moreover, even without the challenged evidence, the evidence against Kaur and Johal was overwhelming, so any error in the admission was harmless.

Third, the district court did not err in denying Kaur's and Johal's motion for a judgment of acquittal, or, in the alternative, motion for a new trial. There was sufficient evidence of every element of the crime, including materiality of the false

statements. Whether Kaur and Johal actually picked peaches and whether they purchased pay stubs from Ray Khan were questions capable of influencing the grand jury investigation and therefore were material. *See United States v. Peterson*, 538 F.3d 1064, 1072 (9th Cir. 2008). And the questions posed to Kaur and Johal were not so ambiguous that their answers could be considered "literally true." *See United States v. Sainz*, 772 F.2d 559, 562 (9th Cir. 1985); *United States v. McKenna*, 327 F.3d 830, 841 (9th Cir. 2003). Finally, the Government presented sufficient evidence to support a jury finding that Kaur purchased pay stubs, even if the testimony of certain trial witnesses identifying her could be called into question. *United States v. Stubblefield*, 621 F.2d 980, 983 (9th Cir. 1980) (because "there was overwhelming independent evidence against the defendants . . . . any error in admitting the in-court identification testimony was harmless beyond a reasonable doubt").

Fourth, Johal should not prevail on her claim of ineffective assistance of counsel based on her attorney's failure to object to potential hearsay. Her argument fails both prongs of the two-part test articulated in S*trickland v. Washington*, 466 U.S. 668, 688-96 (1984). Johal did not overcome the "strong presumption," *United States v. Palomba*, 31 F.3d 1456, 1460 (9th Cir. 1994), that counsel's decision not to renew a hearsay objection for the third time fell outside the wide range of professionally competent assistance. Nor is there any evidence

4

that the failure to object in any way prejudiced Johal.

Finally, Kaur's challenges to her sentence lack merit. The Sentencing Guidelines permit a three-level increase for "substantial interference with the administration of justice" if the defendant's perjury caused "the unnecessary expenditure of substantial governmental or court resources." U.S. Sentencing Guidelines Manual § 2J1.3 cmt. n.1 (U.S. Sentencing Comm'n 2016). Although the underlying expenses associated with prosecuting Kaur for perjury cannot be included in this calculation, *United States v. Duran*, 41 F.3d 540, 546 (9th Cir. 1994), the district court found[1] that the Government expended other resources as a result of Kaur's perjury. In light of the Government's representation that it called additional witnesses before the grand jury as a result of Kaur's perjury, and in light of evidence that it called Kaur to testify again after she was offered immunity, this determination was not clearly erroneous. Nor did Kaur meet her burden of demonstrating any improper prosecutorial conduct, let alone that this is an "extreme and unusual case" involving "outrageous governmental conduct" that

---

[1] We note that the Government was quite vague in its explanation of exactly what additional resources it expended as a result of Kaur's false testimony, especially given the size of the investigation and in light of the fact that multiple other witnesses also committed perjury during the investigation. But the district court made the finding that further resources were expended as a result of Kaur's perjury, and we review that fact-finding only for clear error. *United States v. Holt*, 510 F.3d 1007, 1010 (9th Cir. 2007). Kaur did not object in the district court that a more specific fact-finding was necessary to support application of the enhancement, nor has she made such an argument on appeal.

rises to the level of sentencing manipulation. *United States v. Boykin*, 785 F.3d 1352, 1360 (9th Cir. 2015).

**AFFIRMED.**