**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10303 |
| Plaintiff-Appellee, | D.C. No. |
| v. | 2:15-cr-00125-APG-EJY-1 |
| RICHARD LEE SATERSTAD, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Argued and Submitted March 8, 2021
Las Vegas, Nevada

Before: CLIFTON, NGUYEN, and BENNETT, Circuit Judges.

Defendant-Appellant Richard Lee Saterstad appeals from a final judgment of

conviction of Receipt or Distribution of Child Pornography in violation of 18

U.S.C. § 2252A(a)(2) following a bench trial. We have jurisdiction pursuant to 28

U.S.C. § 1291 and affirm.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

We review the district court's denial of Saterstad's motion for a *Franks* hearing and to suppress on the merits de novo and review the district court's underlying factual findings for clear error. *See United States v. Norris*, 942 F.3d 902, 907 (9th Cir. 2019). A search warrant must be based on "probable cause, supported by Oath or affirmation . . . ." U.S. Const. amend. IV. "A *Franks* hearing is 'an evidentiary hearing on the validity of the affidavit underlying a search warrant' that a defendant is entitled to if he 'can make a substantial preliminary showing that (1) the affidavit contains intentionally or recklessly false statements or misleading omissions, and (2) the affidavit cannot support a finding of probable cause without the allegedly false information'; i.e., the challenged statements or omissions are material." *United States v. Kleinman*, 880 F.3d 1020, 1038 (9th Cir. 2017) (quoting *United States v. Reeves*, 210 F.3d 1041, 1044 (9th Cir. 2000)); *see Franks v. Delaware*, 438 U.S. 154 (1978). Saterstad failed to satisfy either requirement. First, Detective Shannon Tooley, the search warrant affiant, testified that she had no reason to believe that IP spoofing technologies were in play at the time of applying for the search warrant and that she would not have been able to detect those technologies prior to forensic examination of the devices searched. Second, Saterstad did not demonstrate that any of the allegedly omitted information was material, i.e., that misdirection was so likely that it would have

2

undermined the probable cause determination. "Probable cause to search a location exists if, based on the totality of the circumstances, there is a 'fair probability' that evidence of a crime may be found there." *United States v. Perkins*, 850 F.3d 1109, 1119 (9th Cir. 2017). That misdirection might have been possible did not mean that there was no "fair probability" that evidence of Receipt or Distribution of Child Pornography would have been found in Saterstad's residence. The district court did not err.

We review the district court's denial of Saterstad's motion to continue his trial for abuse of discretion. *United States v. Walter-Eze*, 869 F.3d 891, 907 (9th Cir. 2017). Denial of Saterstad's motion to continue was not "arbitrary and unreasonable" in light of the district court's findings that (1) Saterstad had not been diligent,[1] (2) the court, the government, and the public would be prejudiced by further continuance,[2] (3) Saterstad failed to explain why additional continuance

---

[1] The district court granted many continuances, delaying trial for over three years to accommodate Saterstad's need to prepare for trial as a pro se defendant.

[2] Saterstad concedes prejudice to the court and the public.

was needed,[3] and (4) Saterstad would not be prejudiced.[4] *See United States v. Tham*, 960 F.2d 1391, 1396 (9th Cir. 1991); *see also United States v. Lane*, 765 F.2d 1376, 1379 (9th Cir. 1985) (requiring that a defendant demonstrate actual prejudice to his defense). The district court properly exercised its discretion.

We review the district court's decision to exclude Saterstad's proffered expert, Larry Smith, from testifying at trial for abuse of discretion. *United States v. Finley*, 301 F.3d 1000, 1007 (9th Cir. 2002). Saterstad argues that the district court abused its discretion in excluding Smith's testimony as a sanction under Federal Rules of Criminal Procedure Rule 16 ("Rule 16") without first finding that Saterstad's discovery violation was "willful and motivated by a desire to obtain a tactical advantage." *Id.* at 1018 (quoting *Taylor v. Illinois*, 484 U.S. 400, 415 (1998); *see also* Fed. R. Crim. P. 16(b)(1)(C), 16(d)(2). Even assuming that the district court abused its discretion, any error was harmless. *See United States v. Peters*, 937 F.2d 1422, 1426 (9th Cir. 1991) (conducting harmless error review

---

[3]Although Saterstad contends that he was unable to review thousands of pages of Forensic Toolkit ("FTK") reports given to him less than two months before trial, he does not challenge the district court's statement that, at two status conferences, Saterstad's expert, Larry Smith, represented to the court that he had received and reviewed all the relevant reports. Furthermore, he does not explain why two months time was insufficient.

[4] Saterstad does not identify any evidence in the FTK reports that could have been used to challenge the government's evidence or show innocence.

after concluding that the trial court abused its discretion in excluding the testimony of a defendant's expert witnesses); *Finley*, 301 F.3d at 1018 ("In assessing the choice of sanctions, this circuit has instructed that the 'decisive value' of the evidence be considered.") (quoting *United States v. Duran*, 41 F.3d 540, 545 (9th Cir. 1994)). Officers recovered two laptops, two hard drives, and eight DVDs containing child pornography from Saterstad's bedroom. Saterstad's failure to identify what Smith's opinion would have been or how it might have changed the outcome at trial is telling. Saterstad sought to offer Smith's opinion as a computer forensic expert, apparently to identify problems with the government's computer forensic examination or undermine the government's forensic examiner's testimony. However, testimony related to the forensic examination of Saterstad's devices or the capabilities of IP spoofing technologies could not have accounted for the physical evidence, including DVDs, found in Saterstad's bedroom. Even if Smith's testimony might have cast doubt on whether Saterstad *distributed* child pornography, the district court also found that Saterstad knowingly *received* child pornography and Saterstad had materials containing child pornography in his bedroom.

We review the district court's decision to admit the government's experts' testimony for abuse of discretion. *Id*. at 1007. Saterstad contends that the district

court abused its discretion in allowing the government's witnesses to testify at trial despite the government's failure to provide timely Rule 16 notice of the testimony. Rule 16(a)(1)(G) provides that "[a]t the defendant's request, the government must give to the defendant a written summary" of any expert testimony the government intends to offer at trial. Fed. R. Crim. P. 16(a)(1)(G). Saterstad does not contest that he failed to make expert disclosure requests—required to trigger the government's disclosure obligations—until four days before trial, and that his request was made after the government had already provided him with Notices of Expert Testimony for Detective Gregory Sawyer and Forensic Examiner Matthew Trafford. *See id*. Moreover, because the government offered Special Agent Mari Panovich and Detective Tooley as percipient witnesses, Rule 16(a)(1)(G)'s disclosure requirements did not apply to their testimony.[6] *See id*. Saterstad fails to identify any violation of Rule 16 which could have served as the basis for a Rule 16(d)(2) sanction. The district court properly exercised its discretion.

   **AFFIRMED.**

---

   [6] Saterstad does not argue that the district court abused its discretion by allowing the government's percipient witnesses to testify based on scientific, technical, or specialized knowledge in violation of Federal Rule of Evidence 701(c), nor did he object to the government's questioning of the witnesses at trial.