**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

BART LINDEN HOLT,
            *Defendant-Appellant.*

No. 06-30597

D.C. No.
CR-05-00101-RFC

OPINION

Appeal from the United States District Court
for the District of Montana
Richard F. Cebull, District Judge, Presiding

Argued and Submitted
November 6, 2007—Seattle, Washington

Filed December 5, 2007

Before: William C. Canby, Jr., Susan P. Graber, and
Ronald M. Gould, Circuit Judges.

Opinion by Judge Gould

**COUNSEL**

Cynthia K. Smith, Smith Jasper, P.C., Missoula, Montana, for the defendant-appellant.

Eric B. Wolff and Marcia Hurd, Assistant United States Attorneys, Billings, Montana, for the plaintiff-appellee.

## OPINION

GOULD, Circuit Judge:

Bart Linden Holt appeals his sentence following his guilty plea conviction for coercing and enticing a minor to engage in sexual activity in violation of 18 U.S.C. § 2422(b) and possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). We have jurisdiction under 28 U.S.C. § 1291, and we affirm the district court's sentence.

## I

On December 7, 2004, as part of an undercover operation, Federal Bureau of Investigation Special Agent Daniel Vierthaler posed as a thirteen-year-old girl in an Internet chat room. Holt, a then forty-five-year-old podiatrist, contacted Vierthaler through the Internet chat room, misrepresented himself as a nineteen-year-old college student, and engaged Vierthaler's online persona in sexually explicit conversations. Over the next six months, Holt continued to contact Vierthaler, often discussing the young age of Vierthaler's online persona, Holt's desire to have sexual intercourse with Vierthaler's online persona, and the fact that Holt would be criminally liable if he engaged in sexual intercourse with a minor.

On June 21, 2005, more than six months after his first contact with Vierthaler, Holt revealed his true age to Vierthaler, and on July 12, 2005, Holt revealed his true identity. On two separate occasions, on July 26 and 27, 2005, Holt transmitted to Vierthaler webcam footage of himself masturbating to the point of ejaculation. Throughout July of 2005, Holt made arrangements for a sexual encounter with Vierthaler in Billings, Montana. On August 1, 2005, Holt traveled from Missoula to Billings to have sexual intercourse with Vierthaler. After Holt arrived at the meet site, he was approached by law enforcement. He attempted to flee but was apprehended.

A subsequent search of Holt's computers uncovered images of child pornography that he had downloaded from the Internet, including images of the sexual penetration of very young children. Holt later admitted to engaging in other similar conversations with a girl in Great Falls, also using his webcam to transmit sexually explicit images of himself to her.

On August 19, 2005, a federal grand jury indicted Holt. On July 13, 2006, Holt pleaded guilty to coercing and enticing a minor to engage in sexual activity in violation of 18 U.S.C. § 2422(b) and possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B).

The presentence report ("PSR") prepared in accordance with Holt's guilty plea calculated the base offense level for his coercion and enticement violation at 24 and applied two enhancements, a two-level enhancement for misrepresentation of identity pursuant to U.S.S.G. § 2G1.3(b)(2)(A) and a two-level enhancement for use of a computer pursuant to U.S.S.G. § 2G1.3(b)(3)(A), to reach an adjusted offense level of 28. The PSR calculated the base offense level for Holt's possession of child pornography violation at 18, with five enhancements, including a two-level enhancement for minors under the age of twelve pursuant to U.S.S.G. § 2G2.2(b)(2), a four-level enhancement for sadistic or masochistic conduct pursuant to U.S.S.G. § 2G2.2(b)(4), and a two-level enhancement for vulnerable victim pursuant to U.S.S.G. § 3A1.1(b), making the adjusted level for this offense 33. Holt received a three-level deduction for his early acceptance of responsibility and timely notification of plea, making Holt's total offense level 31 and his final guideline range 121 to 151 months.

On November 2, 2006, Holt appeared for sentencing and objected to the advisory guideline calculation on two grounds. First, Holt argued that the district court improperly applied a two-level enhancement for knowing misrepresentation of identity pursuant to U.S.S.G. § 2G1.3(b)(2)(A). Holt admitted that he initially misidentified himself as a nineteen-year-old

college student but contended that, because he revealed his true name and age before sending Vierthaler webcam footage of his masturbation and before traveling to Billings to meet with Vierthaler, he had not misrepresented his identity in order to coerce or entice a minor to engage in sexual activity. The district court overruled this objection, finding that Holt initiated the online conversations in December of 2004 and did not reveal his true age until after he had engaged in six months of "grooming what he thought was a 13-year old minor."

Holt's second objection was to the vulnerable victim adjustment contained in U.S.S.G. § 3A1.1(b). Holt argued that the district court would be double counting if it applied the four-level enhancement for the sadistic or masochistic nature of some of the images and the two-level enhancement for vulnerable victim based on the small size of the victims and the pain they must have experienced due to the sexual penetration. The district court overruled Holt's objection, supporting its decision with the young age of the children, our holding in *United States v. Wright*, 373 F.3d 935 (9th Cir. 2004), and Holt's occupation as a doctor, which provided him with specialized knowledge of human anatomy.

On November 7, 2006, the district court sentenced Holt to 120 months' imprisonment and fifteen years of supervised release. Holt timely appealed his sentence.

## II

We review de novo the district court's interpretation of the United States Sentencing Guidelines ("the Guidelines"), review for clear error the district court's factual determinations, and review for abuse of discretion the district court's applications of the Guidelines to the facts. *United States v. Kimbrew*, 406 F.3d 1149, 1151 (9th Cir. 2005).

## III

**[1]** Holt opposes the district court's enhancement of his sentence on two grounds. First, Holt contests the district court's application of a two-level enhancement for misrepresentation of identity to the base level of his coercion and enticement offense. The Guidelines suggest applying this enhancement if "the offense involved the knowing misrepresentation of a participant's identity to persuade, induce, entice, coerce, or facilitate the travel of, a minor to engage in prohibited sexual conduct." U.S.S.G. § 2G1.3(b)(2)(A). Holt argues that the enhancement was improperly applied to his base offense level because he revealed his true age and identity before engaging in any unlawful conduct. We hold, however, that the district court properly applied the two-level enhancement because Holt initially identified himself as a nineteen-year-old college student and revealed his true age and identity only after more than six months of sexually explicit Internet chats with an undercover officer who had portrayed himself in his online persona as a thirteen-year-old girl. The district court reasonably could have concluded that Holt was misrepresenting his identity in a prolonged effort to groom what he thought was a thirteen-year-old girl for illicit sexual contact.

Second, Holt challenges the district court's enhancement of the base level of his possession of child pornography offense by application of, among other enhancements, a two-level enhancement for vulnerable victim pursuant to U.S.S.G. § 3A1.1(b) and a four-level enhancement for the sadistic or masochistic conduct portrayed in the images pursuant to U.S.S.G. § 2G2.2(b)(4). Holt argues that the district court improperly "double counted" by applying both enhancements for essentially the same harm—namely, the extreme pain that necessarily would have been experienced by a very young child depicted in the pornography as being sexually penetrated.

**[2]** "Impermissible double counting occurs when one part of the Guidelines is applied to increase a defendant's punishment on account of a kind of harm that has already been fully accounted for by application of another part of the Guidelines." *United States v. Nagra*, 147 F.3d 875, 883 (9th Cir. 1998) (internal quotation marks omitted). However, "[d]ouble counting is not always impermissible; it is sometimes authorized and intended by the Sentencing Guidelines when each invocation of the behavior serves a unique purpose under the Guidelines." *United States v. Syrax*, 235 F.3d 422, 428 (9th Cir. 2000) (internal quotation marks omitted).

**[3]** We have previously held that a district court can apply the sadistic conduct enhancement any time images portray the penetration of prepubescent children by adult males because such images are necessarily pleasurable for the participant and painful for the child. *United States v. Rearden*, 349 F.3d 608, 614-15 (9th Cir. 2003). Here, it follows even more strongly that the district court properly applied the enhancement where at least one image in Holt's possession depicted the penetration of a two- or three-year-old child by an adult male.

**[4]** A district court can apply the vulnerable victim enhancement where a child is so young and small that he or she is less able to resist than other child victims of pornography and will experience greater pain from sexual penetration. *See Wright*, 373 F.3d at 943-44 (holding that the district court's application of both the enhancement for children under twelve and the enhancement for vulnerable victim did not constitute improper double counting). Although Holt argues that we should distinguish *Wright* on the ground that the victim in *Wright* was an infant, whereas here a toddler victim could have walked away,[1] that argument is so weak as to

---

[1]"[T]he victim in *Wright* was 11 months old and therefore unable to walk or talk. The victims who the District Court found to be vulnerable in Mr. Holt's case were two to three years old and presumably able to walk and talk."

be frivolous. There can be no serious dispute that the two- or three-year-old child shown being sexually penetrated in the pornography was not in a position of sufficient strength to resist the sexual abuse.

**[5]** Both the sadistic conduct and vulnerable victim enhancements account for the pain experienced by a young, small victim of child pornography, but the enhancements also account for distinct characteristics of the crime: the sadistic conduct enhancement accounts for the pleasure necessarily experienced by the perpetrator, while the vulnerable victim enhancement accounts for the inability of the victim to resist sexual abuse. Because the two enhancements account for these distinct wrongs, it was proper, and no abuse of discretion, for the district court to apply both to the challenged criminal conduct. *See Nagra*, 147 F.3d at 883.

**AFFIRMED.**