**UNITED STATES of America, Plaintiff–Appellee/Cross–Appellant,**

v.

**John Alan CARMAN, Defendant–Appellant/Cross–Appellee.**

Nos. 08–50188, 08–50236.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 3, 2009.

Filed Aug. 11, 2009.

346

Joseph S. Green, Assistant U.S., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee/Cross–Appellant.

Knut Sveinbjorn Johnson, Esquire, Law Office of Knut S. Johnson, San Diego, CA, for Defendant–Appellant/Cross–Appellee.

Before: CANBY, WARDLAW, and CALLAHAN, Circuit Judges.

## MEMORANDUM [*]

John Alan Carman appeals his conviction for conspiracy to kidnap a person in a foreign country in violation of 18 U.S.C. § 956, and the government cross-appeals as to the sentence. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(b). We affirm Carman's conviction, vacate the sentence, and remand for resentencing.

1. We review de novo the district court's denial of Carman's motion for acquittal under Federal Rule of Criminal Procedure 29. *See United States v. Johnson,* 357 F.3d 980, 983 (9th Cir.2004). We agree with the district court that, viewing the evidence in the light most favorable to the prosecution, as we must, any rational juror could have found the essential elements of § 956 beyond a reasonable doubt. *See Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The prosecution presented ample circumstantial evidence of an agreement between Carman and George Lane. *See United States v. Corona–Verbera,* 509 F.3d 1105, 1117 (9th Cir.2007) ("[C]ircumstantial evidence that the defendants acted with a common goal is sufficient also to prove agreement...."); *United States v. Iriarte–Ortega,* 113 F.3d 1022, 1024 (9th Cir. 1997) ("[M]ost conspiracy convictions are based on circumstantial evidence, and we allow juries to draw inferences as to the existence of an agreement from the defendants' conduct.").

There was also sufficient evidence that Carman intended to kidnap KAM for ransom. Although Carman urged the jury to draw a different inference from this evidence, the jury could have reasonably inferred intent to kidnap. *See United States v. Kranovich,* 401 F.3d 1107, 1112–13 (9th Cir.2005) ("[W]e must respect the exclusive province of the jury to determine the credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inferences from proven facts, by assuming that the jury resolved all such matters in a manner

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

which supports the verdict." (internal quotation marks omitted)).

We also reject Carman's contention that the evidence is insufficient because Eloy Fernandez lacked credibility. Fernandez's qualifications were not "so shoddy that a verdict of acquittal should have been directed." *United States v. Tam,* 240 F.3d 797, 806 (9th Cir.2001) (internal quotation marks omitted). Moreover, the jury heard the numerous attacks on Fernandez's credibility, including his criminal history and strong incentive to testify favorably for the government, and nonetheless believed him. Under such circumstances, we cannot "upset the jury's credibility determination." *United States v. Leung,* 35 F.3d 1402, 1405 (9th Cir.1994).

We agree with the district court that the prosecution adequately rebutted Carman's claim that he was entrapped into committing the offense. Any rational juror could have found beyond a reasonable doubt that the government did not induce the kidnapping and that, even if it did, Carman was predisposed to commit the crime. *See United States v. Davis,* 36 F.3d 1424, 1430 (9th Cir.1994).

■ **2.** We review de novo Carman's void-for-vagueness challenge to § 956. *See United States v. Rodriguez,* 360 F.3d 949, 953 (9th Cir.2004). Carman's arguments are without merit. The jurors were not "free to define kidnapping as they wished." The district court instructed the jury as to the definition of kidnapping based on the definition set forth in 18 U.S.C. § 1201(a). Moreover, an ordinary citizen would consider the conduct alleged in the indictment to fall within the statutory definition. Finally, the district court explicitly used the term "unlawfully" in defining the elements of the offense; thus, the jury could not have convicted Carman under the statute for lawfully arresting KAM. We therefore conclude that § 956 is not unconstitutionally vague as applied to Carman. *See Davis,* 36 F.3d at 1433–34; *see also United States v. Sutcliffe,* 505 F.3d 944, 953–54 (9th Cir.2007).

■ **3.** We review de novo the district court's interpretation of U.S.S.G. § 2A4.1, and review for abuse of discretion its application of this provision to the facts. *See United States v. Holt,* 510 F.3d 1007, 1010 (9th Cir.2007). We hold that the district court committed procedural error in failing to apply the six-level upward adjustment under U.S.S.G. § 2A4.1(b)(1), and that this error was not harmless. *See United States v. Carty,* 520 F.3d 984, 993 (9th Cir.2008) (en banc) ("It would be procedural error for a district court ... to calculate incorrectly ... the Guidelines range ...."); *see also United States v. Smith,* 561 F.3d 934, 942 (9th Cir.2009) (en banc) ("Because 'the sentence imposed ... [was] a result of an incorrect application of the Guidelines,' and we cannot say that 'the error did not affect the district court's selection of the sentence imposed,' a 're-mand is required under § 3742(f)(1).'" (alterations in original) (quoting *Williams v. United States,* 503 U.S. 193, 202–03, 112 S.Ct. 1112, 117 L.Ed.2d 341 (1992))).

Carman concedes that the district court erred in applying *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Because the § 2A4.1 adjustment could not have increased Carman's penalty beyond the statutory maximum of life imprisonment, 18 U.S.C. § 956(a)(2)(A), *Apprendi* was not implicated. *See* 530 U.S. at 490, 120 S.Ct. 2348.

The district court also abused its discretion in concluding that it could not determine "with reasonable certainty" that Carman intended to demand ransom. U.S.S.G. § 2A4.1 cmt. n. 4. The fact at issue here—whether Carman intended to make a ransom demand—*was* submitted to the jury. The prosecution alleged in the indictment and presented substantial evi-

dence to prove that Carman intended to obtain a $500,000 ransom from KAM's parents in exchange for her release. The district court instructed the jury that it must find beyond a reasonable doubt that Carman "intended to have [KAM] held for unlawful ransom, reward or other benefit." In reaching its guilty verdict, the jury thus necessarily found that Carman intended to demand ransom, because there was no allegation or evidence of "reward or other benefit." By crediting the defense's theory of the case notwithstanding the jury's rejection of it, the district court abused its discretion.

Accordingly, we vacate the sixty-month sentence imposed by the district court and remand for resentencing. On remand, the district court shall recalculate the Guidelines range applying the six-level upward adjustment, prior to making any departures, and then consider what sentence to impose in light of all the relevant factors.

The judgment in No. 08–50188 is **AFFIRMED**. As to the cross-appeal in No. 08–50236, the sentence is **VACATED** and **REMANDED** with instructions.

