**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30087 |
| Plaintiff - Appellee, | D.C. No. 2:07-CR-00169-RHW-1 |
| v. | |
| DANIEL LEE DOVE, | MEMORANDUM [*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Robert H. Whaley, Senior District Judge, Presiding

Submitted December 9, 2009[**]
Seattle, Washington

Before: BEEZER, GOULD, and TALLMAN, Circuit Judges.

Defendant-Appellant Daniel Lee Dove pled guilty to an indictment charging

him with Possession of Child Pornography in violation of 18 U.S.C.

§ 2252A(a)(5)(B) with no plea agreement.  The sentencing judge applied upward

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously finds this case suitable for decision without
oral argument.  *See* Fed. R. App. P. 34(a)(2).

adjustments for use of a computer, U.S. Sentencing Guidelines Manual § 2G2.2(b)(6) (2008), and possession of 600 or more images, *id.* § 2G2.2(b)(7)(D), images of minors under the age of twelve, *id.* § 2G2.2(b)(2), and images portraying sadistic or masochistic conduct, *id.* § 2G2.2(b)(4). After application of all the relevant upward and downward adjustments, the sentencing range was seventy-eight to ninety-seven months. The court then departed downward and sentenced Dove to sixty months, to be followed by ten years of supervised release.

Dove appeals his sentence as procedurally and substantively unreasonable. Specifically, Dove challenges the possession adjustments and also contends that the district court failed to properly consider the 18 U.S.C. § 3553(a) sentencing factors and imposed a substantively unreasonable sentence.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and affirm.

The facts of this case are known to the parties and need not be discussed here. The upward adjustments are supported by a preponderance of the evidence. *See United States v. Pham*, 545 F.3d 712, 720 (9th Cir. 2008) (citation omitted). The district court's factual findings supporting each adjustment were not illogical, implausible, or without support in the record. *See United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc) (citation omitted).

The application of enhancements for possession of images of minors under twelve and sadistic or masochistic images was not plain error. *See United States v. Holt*, 510 F.3d 1007, 1011–12 (9th Cir. 2007) (holding application of vulnerable victim and sadistic or masochistic image adjustments was not impermissible double counting because the adjustments account for distinct wrongs).

The district court properly considered the 18 U.S.C. § 3553(a) factors and Dove's sixty-month sentence, which is eighteen months below the bottom of the Guideline range, is substantively reasonable under the totality of the circumstances. *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)).

**AFFIRMED.**