**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30298 |
| Plaintiff - Appellee, | D.C. No. 2:04-cr-00512-JLR-1 |
| v. | |
| WARREN ERIC ARMSTEAD, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Argued and Submitted March 7, 2011
Seattle, Washington

Before: McKEOWN, FISHER and GOULD, Circuit Judges.

Warren Eric Armstead appeals the within-Guidelines, 175-month sentence

imposed following his conviction on one count of conspiracy to commit bank fraud

and nine counts of substantive bank fraud. We affirm.

1. The district court properly denied Armstead's request for a two-level

adjustment for acceptance of responsibility because Armstead steadfastly refused

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

to accept responsibility for his leadership role in the conspiracy, even after conviction. *See United States v. Schales*, 546 F.3d 965, 976 (9th Cir. 2008) ("A defendant is entitled to a downward adjustment if he clearly accepts responsibility for all of his relevant conduct."); *see also United States v. McKinney*, 15 F.3d 849, 853 (9th Cir. 1994) ("Where the defendant's statements and conduct *make it clear that his contrition is sincere*, . . . he is entitled to the reduction even if he is convicted after a trial." (emphasis added)).

2. The district court did not fail to consider 18 U.S.C. § 3553(a)(6). First, a district court "need not tick off each of the § 3553(a) factors to show that it has considered them." *United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc). Second, the district court expressly discussed the issue of unwarranted disparities during the sentencing hearing.

3. Armstead complains that the district court failed to adequately explain the disparity between his sentence and that of four of his coconspirators who did not cooperate with the government. A district court, however, need only explain its reasons for rejecting "a *specific*, nonfrivolous argument tethered to a relevant § 3553(a) factor." *Carty*, 520 F.3d at 992-93 (emphasis added). In the district court, Armstead raised only a general argument that his sentence should be proportionate to his eight coconspirators. Only on appeal does he specifically

2

argue that his sentence is disproportionate to the four non-cooperating coconspirators in particular. The district court's explanation was adequate under the circumstances.

4. The disparity between Armstead's sentence and those of his coconspirators does not render his sentence substantively unreasonable. *See* 18 U.S.C. § 3553(a)(6). Although the non-cooperating coconspirators received lower sentences than Armstead, they are not similarly situated for purposes of § 3553(a)(6). *See United States v. Carter*, 560 F.3d 1107, 1121 & n.3 (9th Cir. 2009) (rejecting the defendant's contention of unwarranted sentencing disparities where the codefendants were either convicted of fewer offenses or cooperated with the government).

5. Armstead's excerpts of record contain government sentencing memoranda and criminal judgments from 20 other criminal cases involving defendants sentenced for bank fraud. Armstead contends that these documents show that his sentence is substantively unreasonable by comparison. The government has moved to strike Armstead's evidence because it was not presented to the district court. We grant the motion. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("Documents or facts not presented to the district court are not part of the record on appeal."). Armstead's contention that the evidence is

3

properly included in the appellate record because it consists of documents filed in *other* district court cases is without merit. *See Kirshner v. Uniden Corp. of Am.*, 842 F.2d 1074, 1077-78 (9th Cir. 1988) (explaining that the record on appeal is limited to materials placed before the district court). The government's motion is **GRANTED**. We therefore do not reach the merits of Armstead's argument.

6. That the advisory sentences for bank fraud have increased in the past 24 years does not establish that the current advisory sentences are unreasonable. Furthermore, although Armstead's adjusted offense level reflects a 14-level increase for a loss amount over $400,000, a 2-level increase for more than 10 victims, a 2-level increase for possession of more than five means of identification and a 4-level increase for being a leader or organizer, the cumulative impact does not constitute improper double counting because each provision serves a unique purpose. *See United States v. Holt*, 510 F.3d 1007, 1011 (9th Cir. 2007). The district court did not abuse its discretion by concluding that a within-Guidelines sentence was "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a).

7. Armstead's contention that the district court imposed his sentence in retaliation for exercising his constitutional right to trial is without merit. *See United States v. Narramore*, 36 F.3d 845, 847 (9th Cir. 1994) ("Incentives for plea

4

bargaining are not unconstitutional merely because they are intended to encourage a defendant to forego constitutionally protected conduct.").

**AFFIRMED.**