FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 17 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10102 |
| Plaintiff - Appellee, | D.C. No. 3:08-cr-00552-CRB-1 |
| v. | |
| JASON RAMON SANDERS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Argued and Submitted April 13, 2011
Pasadena, California

Before: REINHARDT, HAWKINS, and GOULD, Circuit Judges.

Jason Sanders appeals the sentence imposed following his guilty plea to theft

within the special maritime and territorial jurisdiction of the United States, in

violation of 18 U.S.C. § 661, arising from his embezzlement of funds while serving

as Philanthropic Advisor to the Tides Foundation, a non-profit charitable

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

organization. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C.

§ 3742. We affirm.[1]

The district court did not abuse its discretion in applying a two-level

sentencing enhancement under United States Sentencing Guidelines

§ 2B1.1(b)(8)(A). *See United States v. Garro*, 517 F.3d 1163, 1167 (9th Cir.

2008). That the money Sanders stole belonged to Tides is immaterial; Sanders

misrepresented that he was acting on behalf of the Tides Foundation, itself a

charitable organization, and that the stolen money would benefit other non-profit

organizations. *See United States v. Treadwell*, 593 F.3d 990, 1008 (9th Cir. 2010)

(finding application of enhancement appropriate where defendants' statements

"were intended to lead victims to infer the involvement of a charitable

organization." (internal quotation marks omitted)). Because Sanders's offense

"involved . . . a misrepresentation that [he] was acting on behalf of a charitable . . .

organization," U.S.S.G. § 2B1.1(b)(8)(A), the two-level increase was appropriate.

Nor was it an abuse of discretion to apply a two-level abuse of trust

enhancement under United States Sentencing Guidelines § 3B1.3, as the facts

demonstrate that Sanders held a position of trust characterized by professional

---

[1] Because the facts are known to the parties, we repeat them only as necessary to explain our decision.

2

discretion, which position contributed in a significant way to facilitating the commission of his offense. *See id.* § 3B1.3, cmt. 1. Although Sanders's position may have been "largely administrative," he also exercised discretion in suggesting ideas to donors who were interested in hearing from him about prospective grants and used his discretion over the disbursement process to facilitate his crime.

The district court's simultaneous imposition of the § 2B1.1(b)(8)(A) and § 3B1.3 enhancements was not plain error. Although an authoritative application note to § 2B1.1(b)(8)(A) provides that, "[i]f the conduct that forms the basis for an enhancement under (b)(8)(A) is the only conduct that forms the basis for an adjustment under §3B1.3 . . . do not apply that adjustment under §3B1.3," *id.* § 2B1.1(b)(8)(C), cmt. 7(E)(i), Sanders's conduct underlying these enhancements did not fully overlap. After misrepresenting to a donor that he was acting on behalf of a charitable foundation to gain access to Tides Foundation funds, he later abused his position of trust with the Tides Foundation to arrange additional disbursements. Each enhancement was justified in part by different, even if related, conduct, and each enhancement aims at different harms to society. *See, e.g.*, *United States v. Holt*, 510 F. 3d 1007, 1011 (9th Cir. 2007) (holding that double counting is not impermissible and is authorized by the sentencing guidelines when each invocation of relied upon conduct "serves a unique purpose

3

under the Guidelines"). In the circumstances here it was proper to apply both enhancements. *See United States v. Smith*, 516 F.3d 473, 477 (6th Cir. 2008) (finding both enhancements appropriate where defendant "misled the public by soliciting donations to line her own purse [and] also took advantage of her position as head of the Red Cross chapter to further the fraud"); *see also United States v. Thorton*, 511 F. 3d 1221, 1228 (9th Cir. 2008) (holding that imposition of two enhancements was not impermissible double counting where they "stemmed from separate concerns.")

Further, the district judge did not err by not recusing himself. A district judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Because Sanders did not move for recusal, we review the district court's decision for plain error. *See United States v. Spangle*, 626 F.3d 488, 495 (9th Cir. 2010). "Plain error will be found only if the error was highly prejudicial and there was a high probability that the error materially affected the verdict." *United States v. Anguiano*, 873 F.2d 1314, 1319 (9th Cir. 1989) (internal quotation marks omitted). Sanders did not demonstrate any bias on the part of the district judge that materially affected Sanders's sentence. The district judge repeatedly stated that his charitable contributions had

4

no effect on his sentencing rationale, and the record does not demonstrate otherwise.

**AFFIRMED.**

United States v. Sanders, No. 10-10102

Reinhardt, Circuit Judge, concurring in part and dissenting in part:

I dissent from the majority's conclusion that the U.S.S.G. § 2B1.1(b)(8)(A) enhancement for misrepresentation of an action on behalf of a charity and § 3B1.3 enhancement for abuse of a position of trust may both be imposed in this case. The application of both enhancements to the same underlying conduct is prohibited by U.S.S.G. § 2B1.1., cmt. 7(E)(I). The district court violated the terms of this authoritative application note by imposing both enhancements on the basis of the same underlying conduct–Sanders's misrepresentations to a Tides Foundation donor.

The majority concludes otherwise, asserting that the imposition of the § 3B1.3 abuse of trust enhancement was based not only on Sanders's misrepresentations to a donor, but also on his submission of fraudulent invoices to the Foundation. However, Sanders's submission of invoices, fraudulent or otherwise, cannot support application of the abuse of trust enhancement, because such submissions constitute the performance of an administrative function rather than the exercise of the sort of "professional or managerial discretion" that is a prerequisite to the imposition of that enhancement. *See United States v. Contreras*, 581 F.3d 1163, 1166 (9th Cir. 2009). While the record indicates that Tides did not adequately supervise Sanders's submission of invoices on behalf of On Point,

*Contreras* makes clear that "the element of discretion–not ease of detection–is the 'decisive factor' in the [abuse of trust] enhancement." *Id.* The processing of invoices is a paradigmatically ministerial task, and there is scant evidence in the record that Sanders enjoyed any discretion whatsoever regarding the subject, let alone that he enjoyed a "professional or managerial discretion" akin to that of an attorney who serves as a guardian and embezzles a client's funds, or of a bank executive who engages in a fraudulent loan scheme. *See id.* (quoting U.S.S.G. § 3B1.3 n.1 (2005)).

Given that the § 3B1.3 enhancement cannot be applied to a plainly administrative task such as Sanders's arrangement for disbursements, the application of that enhancement in this case could rest only on Sanders's misrepresentations to the Tides Foundation donor. That is precisely the same conduct upon which the § 2B1.1(b)(8)(A) enhancement rests. An authoritative application note to the Guidelines bars this result, and I would therefore vacate the sentence in this case and remand to the district court for resentencing.

I respectfully dissent with respect to this issue. I concur in the remainder of the disposition.