MEMORANDUM *
Jason Sanders appeals the sentence imposed following his guilty plea to theft *578 within the special maritime and territorial jurisdiction of the United States, in violation of 18 U.S.C. § 661, arising from his embezzlement of funds while serving as Philanthropic Advisor to the Tides Foundation, a non-profit charitable organization. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We affirm.[1]
The district court did not abuse its discretion in applying a two-level sentencing enhancement under United States Sentencing Guidelines § 2Bl.l(b)(8)(A). See United States v. Garro, 517 F.3d 1163, 1167 (9th Cir.2008). That the money Sanders stole belonged to Tides is immaterial; Sanders misrepresented that he was acting on behalf of the Tides Foundation, itself a charitable organization, and that the stolen money would benefit other nonprofit organizations. See United States v. Treadwell, 593 F.3d 990, 1008 (9th Cir. 2010) (finding application of enhancement appropriate where defendants’ statements “were intended to lead victims to infer the involvement of a charitable organization.” (internal quotation marks omitted)). Because Sanders’s offense “involved ... a misrepresentation that [he] was acting on behalf of a charitable ... organization,” U.S.S.G. § 2Bl.l(b)(8)(A), the two-level increase was appropriate.
Nor was it an abuse of discretion to apply a two-level abuse of trust enhancement under United States Sentencing Guidelines § 3B1.3, as the facts demonstrate that Sanders held a position of trust characterized by professional discretion, which position contributed in a significant way to facilitating the commission of his offense. See id. § 3B1.3, cmt. 1. Although Sanders’s position may have been “largely administrative,” he also exercised discretion in suggesting ideas to donors who were interested in hearing from him about prospective grants and used his discretion over the disbursement process to facilitate his crime.
The district court’s simultaneous imposition of the § 2Bl.l(b)(8)(A) and § 3B1.3 enhancements was not plain error. Although an authoritative application note to § 2Bl.l(b)(8)(A) provides that, “[i]f the conduct that forms the basis for an enhancement under (b)(8)(A) is the only conduct that forms the basis for an adjustment under § 3B1.3 ... do not apply that adjustment under § 3B1.3,” id. § 2Bl.l(b)(8)(C), cmt. 7(E)(i), Sanders’s conduct underlying these enhancements did not fully overlap. After misrepresenting to a donor that he was acting on behalf of a charitable foundation to gain access to Tides Foundation funds, he later abused his position of trust with the Tides Foundation to arrange additional disbursements. Each enhancement was justified in part by different, even if related, conduct, and each enhancement aims at different harms to society. See, e.g., United States v. Holt, 510 F.3d 1007, 1011 (9th Cir.2007) (holding that double counting is not impermissible and is authorized by the sentencing guidelines when each invocation of relied upon conduct “serves a unique purpose under the Guidelines”). In the circumstances here it was proper to apply both enhancements. See United States v. Smith, 516 F.3d 473, 477 (6th Cir.2008) (finding both enhancements appropriate where defendant “misled the public by soliciting donations to line her own purse [and] also took advantage of her position as head of the Red Cross chapter to further the fraud”); see also *579 United States v. Thornton, 511 F.3d 1221, 1228 (9th Cir.2008) (holding that imposition of two enhancements was not impermissible double counting where they “stemmed from separate concerns.”)
Further, the district judge did not err by not recusing himself. A district judge “shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.” 28 U.S.C. § 455(a). Because Sanders did not move for recusal, we review the district court’s decision for plain error. See United States v. Spangle, 626 F.3d 488, 495 (9th Cir. 2010). “Plain error will be found only if the error was highly prejudicial and there was a high probability that the error materially affected the verdict.” United States v. Anguiano, 873 F.2d 1314, 1319 (9th Cir.1989) (internal quotation marks omitted). Sanders did not demonstrate any bias on the part of the district judge that materially affected Sanders’s sentence. The district judge repeatedly stated that his charitable contributions had no effect on his sentencing rationale, and the record does not demonstrate otherwise.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided *578 by Ninth Circuit Rule 36-3.

. Because the facts are known to the parties, we repeat them only as necessary to explain our decision.