FILED

**NOT FOR PUBLICATION**

JUN 14 2012

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50274 |
| Plaintiff - Appellee, | D.C. No. 3:11-cr-01147-LAB-1 |
| v. | |
| ANDREW KUHN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted June 4, 2012
Pasadena, California

Before: B. FLETCHER, WARDLAW, and BYBEE, Circuit Judges.

Appellant Andrew Kuhn pleaded guilty to one count of possession of child

pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). Pursuant to the plea

agreement, the government recommended a sentence of 46 months. The district

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

court imposed a sentence of 60 months, and Kuhn appeals his sentence. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We affirm.

The district court did not err when it increased Kuhn's base offense level by four levels for possession of a video containing sadistic content. *See* U.S.S.G. § 2G2.2(b)(4). A single video can support this enhancement. *See United States v. Holt*, 510 F.3d 1007, 1011 (9th Cir. 2007). There was sufficient evidence of knowing possession of the video with sadistic content to satisfy that requirement. *See United States v. Rearden*, 349 F.3d 608, 616 (9th Cir. 2003). The video had been downloaded to Kuhn's computer, was saved in his "My Documents" file, had been accessed at least once after being downloaded, and had not been deleted.

We do not have jurisdiction to review whether the district court erred when it declined to apply a one-level downward departure recommended by the government for Kuhn's early resolution of the case. "We lack jurisdiction to review a district court's decision not to grant a discretionary downward departure absent evidence that the district court believed it lacked the authority to do so." *United States v. Tam*, 240 F.3d 797, 805 (9th Cir. 2001). There is no evidence that the district court believed it lacked the authority to grant the departure recommended by the government. The district court recognized that the government was recommending a one-level departure for "expedited disposition,"

but it chose to adopt the guideline range calculated by the probation department, which did not include the one-level departure.

Finally, the district court's sentence of 60 months—which reflects its decision to vary downward from the range of 78–97 months recommended by the probation department—was not substantively unreasonable. *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008). The judgment of the district court is AFFIRMED.