FILED

NOT FOR PUBLICATION

DEC 31 2012

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



| UNITED STATES OF AMERICA, | No. 11-50083 |
|---|---|
| Plaintiff - Appellee, | D.C. No. 8:09-cr-00018-JVS |
| v. | |
| NAM NGOC NGUYEN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Submitted December 19, 2012[**]

Before:    GOODWIN, WALLACE, and FISHER, Circuit Judges.

Nam Ngoc Nguyen appeals from the district court's judgment and

challenges the 121-month sentence imposed following his guilty-plea conviction

for two counts of possession of child pornography, in violation of 18 U.S.C.

§ 2252A(a)(5)(B).  We dismiss.

Nguyen contends that the district court committed various procedural errors

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

and imposed a substantively unreasonable sentence. The government argues that the appeal is barred by a valid appeal waiver. We review de novo whether Nguyen has waived his right to appeal. *See United States v. Bibler*, 495 F.3d 621, 623 (9th Cir. 2007).

Nguyen first asserts that the appeal waiver does not apply because the district court varied downward from the advisory Guidelines range. Contrary to Nguyen's contention, his sentence triggered the appeal waiver because it is below the range "corresponding to" an offense level of 33 and a criminal history category of I. *See United States v. Clark*, 218 F.3d 1092, 1095-96 (9th Cir. 2000) (plea agreements are interpreted according to their "plain language").

Nguyen next contends that the appeal waiver is unenforceable because the district court's application of the preponderance of the evidence standard to the sentencing enhancements renders his sentence unconstitutional. This argument is also unavailing. Nguyen stipulated in his plea agreement to all of the sentencing enhancements other than the vulnerable victim enhancement. The district court was not required by due process to employ a clear and convincing evidentiary standard with respect to the two-level vulnerable victim enhancement because it did not have a disproportionate impact on the sentence. *See United States v. Jordan*, 256 F.3d 922, 928 (9th Cir. 2001) (disproportionate impact measured by the impact of the disputed sentencing enhancements on the overall sentence). In

11-50083

any event, Nguyen's stipulation that he possessed an image that depicted an "adult male plac[ing] his penis into the anus of a minor female appearing to be about 3-4 years old" was sufficient to support the enhancement even under a clear and convincing standard. *See* U.S.S.G. § 3A1.1(b)(1); *United States v. Holt*, 510 F.3d 1007, 1011-12 (9th Cir. 2007).

Finally, Nguyen suggests that the appeal waiver is unenforceable because his sentence is unconstitutional in that it was premised on an improperly calculated advisory Sentencing Guidelines range. This argument fails because, even assuming that a Guidelines calculation error can give rise to a constitutional claim, Nguyen has not shown any such error here.

Because the appeal waiver applies and is enforceable, we dismiss. *See United States v. Watson*, 582 F.3d 974, 988 (9th Cir. 2009).

**DISMISSED.**