NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 11 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  15-10582 |
| Plaintiff-Appellee, | D.C. No. 3:15-cr-00001-HDM-VPC-1 |
| v. | |
| CLAY SERENBETZ, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Howard D. McKibben, District Judge, Presiding

Submitted April 20, 2017[**]
San Francisco, California

Before:  PAEZ and IKUTA, Circuit Judges, and FABER,[***] District Judge.

Clay Serenbetz appeals from the 41-month sentence imposed following his

guilty plea conviction for possession of child pornography, in violation of 18

U.S.C. § 2252A(a)(5)(B).  We have jurisdiction pursuant to 28 U.S.C. § 1291.  We

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable David A. Faber, United States District Judge for the

affirm in part and vacate and remand in part.

Serenbetz challenges his sentence as procedurally erroneous and substantively unreasonable. The "courts of appeals must review all sentences . . . under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). "We review de novo the district court's interpretation of the United States Sentencing Guidelines (`the Guidelines'), review for clear error the district court's factual determinations, and review for abuse of discretion the district court's applications of the Guidelines to the facts." *United States v. Holt*, 510 F.3d 1007, 1010 (9th Cir. 2007). "Where a defendant has failed to raise an objection to a sentencing error in the district court, the decision is reviewed for plain error." *United States v. Bonilla-Guizar*, 729 F.3d 1179, 1187 (9th Cir. 2013).

Serenbetz's Guidelines range was increased by thirteen levels because the child pornography offense (i) involved the use of a computer, *see* U.S.S.G. § 2G2.2(b)(6); (ii) involved prepubescent minors, *see* U.S.S.G. § 2G2.2(b)(2); (iii) portrayed sadistic, masochistic or violent content, *see* U.S.S.G. § 2G2.2(b)(4); and (iv) contained more than 600 images, *see* U.S.S.G. § 2G2.2(b)(7)(D). Serenbetz contends that there was no evidence in the record, other than information the district court ordered stricken from the Presentence Report (PSR), to support application of the latter three enhancements. Because Serenbetz did not object to

Southern District of West Virginia, sitting by designation.

2

the enhancements at the sentencing hearing, we review them for plain error. Serenbetz fails to satisfy this standard because there was clear and convincing evidence, *see United States v. Hymas*, 780 F.3d 1285, 1289 (9th Cir. 2015); *United States v. Jordan*, 256 F.3d 922, 927-28 (9th Cir. 2001), to show Serenbetz's knowing possession of the computer containing the child pornography but also his awareness of the nature of the images involved. Because Serenbetz failed to object at sentencing, the district court was entitled to rely on paragraphs 29-30, 32-34, 36, and 43-46 of the PSR to support application of the enhancements. *See* Fed. R. Crim. P. 32(i)(3)(A); *United States v. Ameline*, 409 F.3d 1073, 1085 (9th Cir. 2005) (en banc). Furthermore, during the course of the proceedings below, Serenbetz made numerous admissions, through counsel, *see, e.g.*, **2ER74-76**, **87-88**, **90**, **92**, **99**, and **116**, to support application of the enhancements. *See United States v. Hernandez-Hernandez*, 431 F.3d 1212, 1219 (9th Cir. 2005). Finally, materials submitted by Serenbetz in connection with his motion for a variance, *see* **3SER188**, **195-96**, and **213,** provide clear and convincing evidence that Serenbetz, and not someone else, knowingly downloaded the child pornography found on his computer. Our precedent leaves no doubt that the materials described in paragraphs 30, 32, and 33 of the PSR qualify as sadistic or masochistic conduct within the meaning of U.S.S.G. § 2G2.2(b)(4). *See Holt*, 510 F.3d at 1011; *United States v. Rearden*, 349 F.3d 608, 615-16 (9th Cir. 2003). For all these reasons, the

district court did not plainly err in applying the three enhancements.

Serenbetz's additional arguments regarding alleged procedural errors in his sentence likewise fail. The district court did not commit procedural error when it properly calculated Serenbetz's Guidelines range, considered his arguments for a below-guidelines sentence, granted a downward departure from the applicable guideline range, and thoroughly explained its reasons for imposing a below-guidelines sentence. "[D]istrict courts are not obligated to vary from the child pornography Guidelines on policy grounds if they do not have, in fact, a policy disagreement with them." *United States v. Henderson*, 649 F.3d 955, 964 (9th Cir. 2011). Furthermore, the record does not support Serenbetz's contention that the district court did not appreciate its discretion to depart to a noncustodial sentence or to depart from the Guidelines especially where, as here "it did in fact impose a sentence that varied from the Guidelines range—just not by as many months as [Serenbetz] requested." *United States v. Ayala–Nicanor*, 659 F.3d 744, 752 (9th Cir. 2011).

With respect to the substantive reasonableness of Serenbetz's sentence, the record reflects that both the 41-month custody sentence and 20-year term of supervised release are reasonable in light of the "§ 3553(a) factors and the totality of circumstances" and that the sentence "is well supported by the record and the governing law." *United States v. Blinkinsop*, 606 F.3d 1110, 1118 (9th Cir. 2010);

*see also United States v. Apodaca*, 641 F.3d 1077, 1084 (9th Cir. 2011); *United States v. Daniels*, 541 F.3d 915, 923-24 (9th Cir. 2008); *United States v. Carty*, 520 F.3d 984, 995-96 (9th Cir. 2008) (en banc).

We remand to the district court with instructions to modify Special Condition 5 to clarify that the prohibition regarding materials depicting and/or describing child pornography does not apply to materials necessary to, and used for, a collateral attack, or to materials prepared or used for the purposes of court-mandated sex offender treatment. *See United States v. Cope*, 527 F.3d 944, 957-58 (9th Cir. 2008).

Finally, we conclude that Serenbetz's constitutional challenges to his sentence are without merit. *See United States v. Treadwell*, 593 F.3d 990, 1017-18 (9th Cir. 2010); *United States v. Meiners*, 485 F.3d 1211, 1213 (9th Cir. 2007) (per curiam); *United States v. Brady*, 895 F.2d 538, 540 (9th Cir. 1990).

**AFFIRMED in part; VACATED AND REMANDED in part**.