**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

**SEP 12 2024**

**FOR THE NINTH CIRCUIT**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-2567 |
| Plaintiff - Appellee, | D.C. No. 9:22-cr-00060-DLC-1 |
| v. | MEMORANDUM* |
| DANIEL AUGUST MEYER, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, District Judge, Presiding

Submitted September 10, 2024**
Seattle, Washington

Before: GRABER and SUNG, Circuit Judges, and RAKOFF, District Judge.***

Daniel August Meyer timely appeals the sentence imposed following his

guilty plea to one count of stalking in violation of 18 U.S.C. § 2261A(2)(B). We

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*** The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We review de novo the district court's interpretation of the United States Sentencing Guidelines ("the Guidelines"), review for clear error its factual findings, and review for an abuse of discretion its application of the Guidelines to the facts. *United States v. Holt*, 510 F.3d 1007, 1010 (9th Cir. 2007). We affirm.

The district court did not abuse its discretion by imposing a four-level enhancement based on a factual finding that Meyer's stalking offense involved the aggravating factor of "possession, or threatened use, of a dangerous weapon." U.S. Sent'g Guidelines Manual ("USSG") § 2A6.2(b)(1)(D).[1] The court found that Meyer "threatened to kill the victim in this case" and "temporally, within a relatively brief period of time, [he] was found to possess a sawed-off shotgun." Meyer does not dispute those findings but contends that the evidence establishes only that he possessed the shotgun <u>after</u> he stalked the victim, not <u>during</u> the offense.[2] We disagree.

---

[1] Pursuant to § 2A6.2, a finding that the offense involved one of the listed aggravating factors requires a two-level increase of the base level offense, and a finding that the offense involved more than one aggravating factor requires a four-level increase. USSG § 2A6.2(b). Meyer does not contest the district court's finding that he engaged in "a pattern of activity involving stalking, threatening, harassing, or assaulting the same victim," an aggravating factor under § 2A6.2(b)(1)(E).

[2] Meyer also argues that the district court incorrectly interpreted § 2A6.2(b)(1) to include conduct—the possession—that occurred after the offense. "[W]e generally assume that the district court applied the correct legal standard, [unless] the record

2

Meyer pleaded guilty to Count 1 of the indictment, which charged him with stalking that continued "through September 14, 2022," the day before the shotgun was found. Moreover, considering the record in its entirety, the district court did not clearly err by inferring that Meyer possessed the gun during his stalking offense. *See United States v. Restrepo*, 884 F.2d 1294, 1296 (9th Cir. 1989) (concluding that the district court "reasonably inferred from the evidence that [defendant] possessed the weapon during the commission of [at least one of the charged drug] offense[s]," where several of the offenses took place at defendant's home and authorities found a pistol in the same room as the equipment used for drug distribution).

**AFFIRMED.**

---

indicates the contrary." *United States v. Klensch*, 87 F.4th 1159, 1165–66 (9th Cir. 2023). The record does not indicate that the district court interpreted the Guidelines in the way Meyer suggests. Nor does the record indicate that the court found that Meyer's stalking offense involved the threatened use, rather than possession, of the shotgun.