NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 14 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff - Appellee,<br><br> v.<br><br>JULIUS RUCKS,<br><br>       Defendant - Appellant. | No. 23-2199<br><br>D.C. No.<br>2:20-cr-001-KJM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
The Honorable Kimberly J. Mueller, District Judge, Presiding

Submitted July 10, 2025[**]
San Francisco, California

Before: H.A. THOMAS and DE ALBA, Circuit Judges, and RAKOFF, District Judge.[***]

Julius Rucks appeals his conviction and his within-guidelines 153-month sentence after pleading guilty to three fentanyl distribution counts in violation of 21

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

U.S.C. § 841(a) in August 2023. We review the district court's interpretation of the United States Sentencing Guidelines ("the Guidelines") de novo, review its factual findings for clear error, and review its application of the Guidelines to the facts for an abuse of discretion. *United States v. Holt*, 510 F.3d 1007, 1010 (9th Cir. 2007). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.  The district court did not err when it imposed a four-level enhancement to Rucks's offense level under § 2D1.1(b)(13) of the Guidelines for "knowingly misrepresent[ing] or knowingly market[ing] as another substance a mixture or substance containing fentanyl[.]" U.S.S.G. § 2D1.1(b)(13). Rucks argues that the government introduced no evidence that he knowingly misrepresented or marketed as another substance a substance containing fentanyl because everyone involved in the relevant transactions knew that the oxycodone-trademarked pills at issue here contained fentanyl. But Rucks's argument is plainly contradicted by the record, which shows that Rucks (1) painstakingly manufactured the pills he sold to match the color and trademark imprints of prescription oxycodone pills, and (2) represented to the buyer, an undercover Drug Enforcement Agency agent, that the pills he was selling would contain such oxycodone trademarks. Further, the evidence also supported a finding that Rucks knew that two individuals who he dealt with in connection with the drug transactions were middlemen purchasing drugs for further resale to unknowing downstream purchasers. Accordingly, the district court did not

2

abuse its discretion by considering this evidence and applying a four-level § 2D1.1(b)(13) enhancement to Rucks's sentence.

2. Nor did the district court err when it applied a two-level enhancement under U.S.S.G. § 2D1.1(b)(1), finding that Rucks failed to carry his burden to show that it was "clearly improbable" that the three handguns that the police recovered when searching Rucks's apartment were connected with the underlying offense based on "the proximity to a substantial controlled substances manufacturing operation[.]" *United States v. Ferryman*, 444 F.3d 1183, 1186 (9th Cir. 2006) ("[T]he burden is on the defendant to prove that it was 'clearly improbable' that he possessed a firearm in connection with the offense."); *see also* U.S.S.G. § 2D1.1, cmt. n.11. The handguns here were kept in the same two-bedroom apartment as numerous drug-manufacturing paraphernalia and counterfeit oxycodone pills. We have repeatedly held "that the fact that a firearm was unloaded does not make it 'clearly improbable that the weapon was connected to' the drug offense." *United States v. Gomez*, 6 F.4th 992, 1009 (9th Cir. 2021) (quoting *United States v. Lopez-Sandoval*, 146 F.3d 712, 716 (9th Cir. 1998)). And because Rucks admitted to having the key to the safe where the handguns were recovered, it is evident that the handguns could be readily loaded and operated by him in connection with the narcotics-distribution offense. *United States v. Heldberg*, 907 F.2d 91, 93–94 (9th Cir. 1990); *see also United States v. Willard*, 919 F.2d 606, 609–10 (9th Cir. 1990) (holding that "offense" in this

3

context refers to "the entire course of criminal conduct," not just the crime of conviction). Nor could Rucks, as a convicted felon, assert any lawful purpose for possessing them.

**AFFIRMED.**