**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | No. 13-30134 |
| | D.C. No. |
| v. | 4:12-cr-00071-DLC-1 |
| JASON CHARLES SHOUSE, *Defendant-Appellant*. | OPINION |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, Chief District Judge, Presiding

Submitted June 3, 2014[*]
Seattle, Washington

Filed June 24, 2014

Before: Alfred T. Goodwin, M. Margaret McKeown,
and Paul J. Watford, Circuit Judges.

Opinion by Judge McKeown

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

**SUMMARY**[**]

---

### Criminal Law

The panel affirmed a sentence imposed following the defendant's guilty plea to one count of production of child pornography and one count of penalties for registered sex offenders.

Applying case law interpreting identical language in United States Sentencing Guideline § 2G2.2(b)(4), the panel held that the district court did not abuse its discretion in applying an enhancement under § 2G2.1(b)(4) for sexual exploitation of a minor by production of sexually explicit visual or printed material that portrayed sadistic or masochistic conduct or other depictions of violence.

The panel held that the district court did not abuse its discretion by ordering the sentence to run consecutively to the defendant's undischarged state sentence.

The panel rejected the defendant's plea for reconsideration of the Ninth Circuit's sentencing review standard and his argument that the district court imposed an unreasonable sentence by ignoring his arguments in favor of leniency and downward sentencing adjustments.

---

**[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Anthony R. Gallagher, Federal Defender, District of Montana, Great Falls, Montana, for Defendant-Appellant.

Michael W. Cotter, United States Attorney; Cyndee L. Peterson, Assistant United States Attorney, District of Montana, Missoula, Montana, for Plaintiff-Appellee.

**OPINION**

McKEOWN, Circuit Judge:

Jason Charles Shouse appeals a sentence imposed by the district court following his guilty plea to one count of production of child pornography in violation of 18 U.S.C. § 2251(a) and one count of penalties for registered sex offenders in violation of 18 U.S.C. § 2260A. Shouse's advisory sentencing guideline range was 360 to 720 months for both counts. The district court sentenced Shouse within this guideline range—480 months' imprisonment for the production of child pornography offense, a mandatory consecutive term of 120 months' imprisonment for the penalties for registered sex offenders count, and a small assessment, for a total of 50 years' imprisonment followed by a lifetime term of supervised release. We affirm the sentence imposed by the district court.

## I. Sentence Enhancement Challenge

At issue is United States Sentencing Guideline § 2G2.1(b)(4), which falls under sentencing enhancements for "sexually exploiting a minor by production of sexually

explicit visual or printed material." U.S. Sentencing Guidelines Manual § 2G2.1 (2012). Section 2G2.1(b)(4) provides a four-level sentence enhancement "[i]f the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence." Shouse argues that the images and videos obtained by law enforcement, "while distasteful and deviant, are not possessed of the kind of pain, coercion, abuse and denigration that implicate[] § 2G2.1(b)(4)." We disagree.

Because the terms "sadistic," "masochistic," and "depictions of violence" are not defined in the guidelines, we employ their plain meaning. *See United States v. Flores*, 729 F.3d 910, 914 (9th Cir. 2013) ("[U]nless defined, words in a statute will be interpreted as taking their ordinary, contemporary, common meaning." (internal quotation marks omitted)); *see also United States v. Maurer*, 639 F.3d 72, 77–78 (3d Cir. 2011) (relying on plain meaning to interpret "sadistic or masochistic conduct" and "depictions of violence" under § 2G2.2(b)(4)). "Sadistic" content involves "infliction of pain upon a love object as a means of obtaining sexual release," "delight in physical or mental cruelty," or "excessive cruelty." *Webster's Third New International Dictionary* 1997–98 (1993). "Masochism" is "sexual gratification through the acceptance of physical abuse or humiliation," while "violence," as applied in this narrow context, is the "exertion of any physical force so as to injure or abuse." *Id.* at 1388, 2554.

Although we have not considered the application of these terms with respect to the production of child pornography under § 2G2.1(b)(4), we see no reason to deviate from our precedent with respect to identical language in § 2G2.2(b)(4) for the receipt and possession of child pornography, both of

which stem from the same chapter on "sexual exploitation of a minor." *See, e.g.*, *United States v. Rearden*, 349 F.3d 608, 615–16 (9th Cir. 2003) (interpreting and applying enhancement pursuant to current § 2G2.2(b)(4)[1]). Consequently, the operative phrase in these two guidelines carries precisely the same meaning, and our key cases pertaining to § 2G2.2(b)(4)—*United States v. Rearden* and *United States v. Holt*—apply with equal force to the § 2G2.1(b)(4) enhancement at issue here. *See, e.g.*, *United States v. Granbois*, 376 F.3d 993, 996 (9th Cir. 2004) (holding that the term "crime of violence" is identical in meaning regardless of its exact location in the guidelines).

In *Rearden*, we joined multiple circuits in holding that images involving an adult male penetrating prepubescent children are sadistic or masochistic because the conduct depicted "necessarily hurt the child." 349 F.3d at 614–16 (noting accord with the Second, Fifth, and Eleventh Circuits). The sadistic nature of the material arose from the "adult male's pleasure at the expense of the child's pain," due to acts that were "necessarily painful" to the child. *Id.* at 615. We reiterated this conclusion in *Holt*, stating that "a district court can apply the sadistic conduct enhancement any time images portray the penetration of prepubescent children by adult males because such images are necessarily pleasurable for the participant and painful for the child." 510 F.3d 1007, 1011 (9th Cir. 2007).

Here, the undisputed evidence is that Shouse produced child pornography that portrayed sadistic, masochistic, or

---

[1] At the time of Rearden's sentencing, the corresponding and substantively identical guideline provision was § 2G2.2(b)(3). U.S. Sentencing Guidelines Manual § 2G2.2(b)(3) (2001).

other violent content warranting an enhancement under
§ 2G2.1(b)(4). Shouse was found to have an expansive cache
of child pornographic material, including 82 child
pornography images on an iPhone, and an old cellular phone
SD card containing 264 child pornography images as well as
18 child pornography videos, nearly all of which Shouse
produced himself as he committed sexual acts on a female
infant. The videos reveal Shouse penetrating and ejaculating
on the infant while she cries for her "mom or mommy" and
the images show pre-pubescent children being penetrated and
children that Shouse admits are in "bondage." *Rearden* and
*Holt* leave no doubt that this material qualifies as sadistic or
masochistic content. *Rearden*, 349 F.3d at 615–16; *Holt*,
510 F.3d at 1011–12. The meaning of sadistic or masochistic
with respect to Shouse's conduct is not ambiguous, as he
contends; the photographic material that he possessed
indisputably fits the bill.

Shouse relies on an Eighth Circuit case, *United States v.
Parker*, to assert that there is a distinction between deviant
depictions that do not warrant the application of an
enhancement for sadistic or masochistic content or material
depicting violence from those that do. 267 F.3d 839 (8th Cir.
2001). Yet *Parker* does not stand for this proposition.
Rather, the court in *Parker* held that the district court erred in
deciding that the conduct portrayed in the photographs at
issue, including an adult male ejaculating onto a crying baby,
"was merely deviant and not violent or sadistic." *Id.* at 847.
We acknowledge Shouse's point that child pornography,
albeit abhorrent and deviant, may not necessarily qualify as
sadistic in all instances. Our case law, however, demands
more than mere possession or production of child
pornography to fall under the rubric of sadistic or masochistic
content; it also requires the taking of delight in inflicting pain

or in acting cruelly or violently.  *See Rearden*, 349 F.3d at 615–16; *Holt*, 510 F.3d at 1011–12.

Shouse further argues that, for the § 2G2.1(b)(4) enhancement to apply, the government must demonstrate that he specifically intended to produce the sadistic materials. Nothing in the text of § 2G2.1(b)(4) requires a finding of intent, and we see no reason to read one in.  To the extent that the Sentencing Commission has provided any guidance on the matter, the application notes appended to § 2G2.2(b)(4) and § 2G3.1(b)(4), which prescribe the sadism enhancements for related offenses, clarify that the other enhancements apply "regardless of whether the defendant specifically intended to possess, access with intent to view, receive, or distribute such materials." U.S. Sentencing Guidelines Manual § 2G2.2 cmt. n.2 (2012); *see* U.S. Sentencing Guidelines Manual § 2G3.1 cmt. n.3 (2012).  Shouse's argument, which relies on out-of-circuit precedent that predates the application notes to § 2G2.2 and § 2G3.1, is unpersuasive.

Finally, because § 2G2.1(b)(4) is not ambiguous, the rule of lenity is inapplicable to Shouse's claim.  *See United States v. LeCoe*, 936 F.2d 398, 402 (9th Cir. 1991).  The district court did not abuse its discretion in applying an enhancement under § 2G2.1(b)(4).[2]

---

[2] An intra-circuit split remains as to whether we review the district court's application of the guidelines to the facts de novo or for abuse of discretion. *See United States v. Tanke*, 743 F.3d 1296, 1306 (9th Cir. 2014).  Either way, the standard of review does not affect the outcome of this case. *Id.*

## II. Consecutive Sentence Challenge

Shouse's argument that the district court erred by ordering the sentence to run consecutive to Shouse's undischarged state sentence rather than concurrently or partially concurrently is also unavailing. Under U.S.S.G. § 5G1.3, the district court has broad discretion to determine how the sentence imposed should run: in cases "involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." *Id.*; *see* 18 U.S.C. § 3584(a) ("[I]f a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively. . . ."). The district court need not "always specifically justify its choice between concurrent and consecutive sentences" but may support its consecutive sentence by clearly explaining "its choice of the sentence as a whole with reference to the factors listed in § 3553(a)." *United States v. Fifield*, 432 F.3d 1056, 1066 (9th Cir. 2005); *see United States v. Chea*, 231 F.3d 531, 538 (9th Cir. 2000) (requiring that the district court "give careful consideration to each of the factors specifically enumerated in the guideline and determine, based on those factors, whether a concurrent, partially concurrent, or consecutive sentence will achieve a reasonable punishment and avoid unwarranted disparity" (internal quotation marks omitted)).

The district court did just that. It acknowledged its discretion to impose a concurrent, partially concurrent, or consecutive sentence. It examined the § 3553(a) factors, considering the very serious, "horrific," "dangerous," and "predatory" nature of Shouse's offenses, the number of

images, and the disturbing nature of the videos found. It discussed Shouse's personal history and characteristics, including ineffective prior treatment, which actually helped Shouse to determine how he "might further offend young girls," and his subsequent re-offense within 14 months of release from custody. It weighed what sentence would constitute just punishment and evaluated "the need to protect the public from further criminal behavior" by Shouse. It deliberated "what [would be] a sufficient but not greater than necessary sentence" under § 3553(a), and ultimately chose a sentence in accordance with an application note to § 5G1.3 recommending a consecutive sentence when a defendant is on probation or parole at the time of the offense. U.S. Sentencing Guidelines Manual § 5G1.3, cmt. n.3(C) (2012). Accordingly, the district court did not abuse its discretion in selecting a consecutive sentence. *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008).

## III.    Reasonableness Challenge

Finally, Shouse relies on *United States v. Booker* to argue that the district court imposed an unreasonable sentence by ignoring his arguments in favor of leniency and downward sentencing adjustments. 543 U.S. 220, 264 (2005) (plurality opinion). Rather than pointing to specific arguments or claims that the district court failed to consider, Shouse makes a general plea for reconsideration of our court's sentencing review standard. We have no basis, or authority, to conduct such a review here. *See Avagyan v. Holder*, 646 F.3d 672, 677 (9th Cir. 2011) ("A three-judge panel cannot reconsider or overrule circuit precedent unless an intervening Supreme Court decision undermines an existing precedent of the Ninth Circuit, and both cases are closely on point." (internal quotation marks omitted)).

Upon review, if "[t]he record makes clear that the sentencing judge listened to each argument" and "considered the supporting evidence," the reasons the district court provides for a within-guideline sentence are "legally sufficient." *Rita v. United States*, 551 U.S. 338, 358 (2007). The district court need only explain the sentence as a whole, while considering the § 3553(a) factors and whether the sentence is "sufficient, but not greater than necessary." *Carty*, 520 F.3d at 991–92 (internal quotation marks omitted).

In imposing a sentence within the guideline range, the district court's explanation was neither brief nor cursory. The court discussed the specific nature of the offense involving "an extremely young female of approximately 3 years of age" and "horrific predatory and dangerous behavior." The record is clear that the court considered the § 3553(a) factors, including Shouse's criminal history and probation violations for similar offenses, the need for just punishment that was "sufficient but not greater than necessary," public safety, and deterrence, as discussed above. The court weighed all of the evidence provided, including the comprehensive presentence investigation report and Shouse's objections to the report, Shouse's sentencing memorandum, and extensive arguments by counsel, plus a statement by Shouse. The court explained that it had conducted a thorough review of Shouse's claims and the § 3553(a) factors and it demonstrated sufficient consideration of all of the supporting evidence provided to the court. Nothing more was required. *See Rita*, 551 U.S. at 358–59; *Carty*, 520 F.3d at 991.

**AFFIRMED.**