**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10243 |
| Plaintiff - Appellee, | D.C. No. 2:14-cr-00100-GMN-GWF-1 |
| v. | |
| KENYATTA BERNARD STEPPES, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, Chief District Judge, Presiding

Argued and Submitted May 11, 2016
San Francisco, California

Before: FARRIS, O'SCANNLAIN, and CHRISTEN, Circuit Judges.

Kenyatta Steppes challenges the sentence imposed upon his conviction

under 18 U.S.C. § 2113(a) for one count of credit union robbery, one count of bank

robbery, and two counts of attempted bank robbery. Because the facts are known

to the parties, we do not repeat them here.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

I

The district court did not err in applying a career offender enhancement under the federal sentencing guidelines. *See* U.S. Sentencing Guidelines Manual § 4B1.1 (U.S. Sentencing Comm'n 2014). Notwithstanding the residual clause in section 4B1.2(a)(2), each of Steppes's prior crimes of conviction categorically qualifies as a "crime of violence" under the remainder of the definition provided in section 4B1.2(a). *See United States v. Selfa*, 918 F.2d 749, 751–52 (9th Cir. 1990); *United States v. Potter*, 895 F.2d 1231, 1237 (9th Cir. 1990); *cf. United States v. Ruiz-Apolonio*, 657 F.3d 907, 911 (9th Cir. 2011) (holding that a conviction under Cal. Penal Code § 261(a)(2) is a "crime of violence" under section 2L1.2 of the sentencing guidelines). None of the cases cited by Steppes is "clearly irreconcilable" with our prior opinions holding these crimes categorically to be crimes of violence. *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc).

II

The district court did not abuse its discretion in ordering Steppes's sentence to be served consecutively to the sentence imposed upon revocation of his supervised release. The court properly consulted relevant factors under 18 U.S.C. § 3553(a) when making that decision. *See, e.g., United States v. Shouse*, 755 F.3d

1104, 1108 (9th Cir. 2014) (upholding sentence ordered to run consecutively, in part, because offense was committed while defendant was on probation); *United States v. Dowd*, 417 F.3d 1080, 1089 (9th Cir. 2005) (affirming consecutive sentence based on district court's concerns over recidivism).

## III

The government concedes that it should have moved to reduce Steppes's offense level by an additional point under sentencing guidelines section 3E1.1(b). We therefore vacate Steppes's sentence and remand for a resentencing hearing, at which the government will file such a motion.

**AFFIRMED in part, VACATED in part, and REMANDED.**