**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

MAR 16 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50166 |
| Plaintiff-Appellee, | D.C. No.<br>2:09-cr-00068-VAP-18 |
| v. | |
| BILL WADE CARROLL, AKA bb687,<br>FNU LNU 5, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, Chief Judge, Presiding

Argued and Submitted March 7, 2018
Pasadena, California

Before: REINHARDT, TASHIMA, and NGUYEN, Circuit Judges.

Billy Wade Carroll appeals, for the second time, his sentence for conspiracy

to advertise, transport, receive, distribute, solicit and possess child pornography, in

violation of 18 U.S.C. §§ 2251(d)(1)(A), 2251(e); 2252A, (b)(1), (b)(2). We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. Carroll contends that the district court incorrectly calculated his criminal

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

history category. Carroll argues that the district court should not have considered his 2002 Ohio conviction for violating the terms of his sex offender registration requirements because, pursuant to *State v. Williams*, 952 N.E.2d 1108 (Ohio 2011), he was not actually required to register as a sex offender at that time. However, any possible error was harmless, as Carroll's criminal history category would "result[] in the same Guideline range" even absent consideration of this offense. *See United States v. Cruz-Gramajo*, 570 F.3d 1162, 1174 (9th Cir. 2009).[1]

2. The district court properly applied a five-point enhancement for Carroll's commission of "two or more separate instances of the sexual abuse or sexual exploitation of a minor." U.S.S.G. § 2G2.2(b)(5) cmnt. n. 1. The district court was permitted to rely on the "undisputed statements in the PSR at sentencing" regarding Carroll's sexual exploitation of two minor victims. *See United States v. Ameline*, 409 F.3d 1073, 1085 (9th Cir. 2005). Contrary to Carroll's assertion on appeal, he had ample opportunity to raise his due process concerns and request an evidentiary hearing below, but did not do so.

3. The district court did not err procedurally or substantively by imposing a sentence of 420 months imprisonment and lifetime supervised release. The district court correctly calculated the advisory Guidelines range and considered it

---

[1] *Molina-Martinez v. United States* does not change our analysis because the district court did not sentence Carroll under "an incorrect Guidelines range." 136 S. Ct. 1338, 1349 (2016).

2

alongside the § 3553(a) sentencing factors. The judge "explain[ed] [the] sentence sufficiently to communicate 'that a reasoned decision has been made.'" *United States v. Collins*, 684 F.3d 873, 887 (9th Cir. 2012) (quoting *United States v. Rudd*, 662 F.3d 1257, 1260 (9th Cir. 2011)). Since "the record makes clear that the sentencing judge listened to each argument and considered the supporting evidence, the reasons the district court provide[d] for [the] within-guideline sentence are legally sufficient." *United States v. Shouse*, 755 F.3d 1104, 1109 (9th Cir. 2014) (internal quotation marks and alteration omitted) (quoting *Rita v. United States*, 551 U.S. 338, 358 (2007)). Additionally, we may infer "adequate explanation" for the supervised release term "from the PSR [and] the record as a whole." *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc). We cannot say that Carroll's sentence was substantively unreasonable in light of the many aggravating factors discussed by the district court. In addition, "sentencing individuals convicted of possessing child pornography to lifetime terms of supervised release is not substantively unreasonable." *United States v. Apodaca*, 641 F.3d 1077, 1082 (9th Cir. 2011).

4. We may review Carroll's ineffective assistance of counsel claim on direct appeal because "the record . . . is sufficiently developed to permit determination of the issue." *United States v. Rahman*, 642 F.3d 1257, 1260 (9th Cir. 2011). Counsel's failure to object to the PSR's incorrect statement that Carroll was

3

subject to sex offender registration requirements was harmless, as the district judge corrected the error prior to imposing the sentence. Further, as discussed above, Carroll also suffered no prejudice from counsel's failure to object to inclusion of his 2002 Ohio conviction in the criminal history calculation. Finally, in light of the significant evidence supporting the five-level enhancement, and the additional evidence that could have been introduced if Carroll contested the facts, counsel's "tactical decision[]" to not request an evidentiary hearing "does not provide the basis for declaring that the representation was constitutionally deficient." *Raley v. Ylst*, 470 F.3d 792, 799 (9th Cir. 2006) (citing *United States v. Mayo*, 646 F.2d 369, 375 (9th Cir. 1981) (per curiam)).

**AFFIRMED.**