NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 26 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-10279 |
| Plaintiff-Appellee, | D.C. No. 2:21-cr-00253-RFB-BNW-1 |
| v. | |
| JULIO ARENCIBIA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Richard F. Boulware II, District Judge, Presiding

Argued and Submitted November 17, 2023
San Francisco, California

Before: FORREST and MENDOZA, Circuit Judges, and OLIVER,[**] District
Judge.
Partial Dissent by Judge FORREST.

Defendant Julio Arencibia appeals from the district court's amended

judgment and sentence, dated November 9, 2022. We have jurisdiction under 28

U.S.C. § 1291 and 18 U.S.C. § 3742. Reviewing the district court's interpretation

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Solomon Oliver, Jr., United States Senior District
Judge for the Northern District of Ohio, sitting by designation.

of the Sentencing Guidelines de novo, its application of the Guidelines to the facts of the case for abuse of discretion, and its factual findings for clear error, *United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc), we vacate and remand for resentencing.

Arencibia pleaded guilty in federal district court to one charge of felon in possession of a firearm. The district court sentenced Arencibia to 14 months' incarceration, to run consecutive to any state sentence that may later be imposed based on related conduct, and it imposed special conditions of supervised release. One of those special conditions of supervised release impermissibly delegates to the probation officer, "in consultation with the treatment provider," supervision over Arencibia's participation in a mental health treatment program; accordingly, we vacate the sentence and remand for resentencing. *See United States v. Nishida*, 53 F.4th 1144, 1152–53 (9th Cir. 2022) (vacating sentence containing special conditions of supervised release with identical delegation provisions).

Arencibia also argues that vacatur is warranted because the district court failed to apply section 5G1.3(c) of the Sentencing Guidelines or to adequately explain its decision to impose a consecutive sentence. Section 5G1.3(c) provides that where, as here, "a state term of imprisonment is anticipated to result from another offense that is relevant conduct to the instant offense of conviction . . . , the sentence for the instant offense *shall* be imposed to run concurrently to the

anticipated term of imprisonment." U.S.S.G. § 5G1.3(c) (emphasis added). We have held that, in exercising its discretion to impose a concurrent or consecutive sentence under section 5G1.3(d) of the Sentencing Guidelines, "[t]he district court need not 'always specifically justify its choice between concurrent and consecutive sentences' but may support its consecutive sentence by clearly explaining 'its choice of the sentence as a whole with reference to the factors listed in § 3553(a).'" *United States v. Shouse*, 755 F.3d 1104, 1108 (9th Cir. 2014) (quoting *United States v. Fifield*, 432 F.3d 1056, 1066 (9th Cir. 2005)). We make no ruling as to whether it was appropriate to impose a consecutive sentence under the facts of this case. But it is unclear whether the district court interpreted and applied § 5G1.3(c) correctly because the district court neither (1) specifically justified its departure from the Guidelines' mandate of a concurrent sentence, nor (2) supported that departure with reference to the factors listed in § 3553(a). On resentencing the district court should consider whether to apply or depart from section 5G1.3(c).

Because we vacate and remand for resentencing, we need not and do not reach Arencibia's argument that the district court's amendment of a clerical error in the original judgment violated Rule 36 of the Federal Rules of Criminal Procedure.

**VACATED and REMANDED**.

*United States of America v. Arencibia*, No. 22-10279
Forrest, J., dissenting in part:

I agree that a remand is required as relates to the challenged special condition of supervised release. *See United States v. Nishida*, 53 F.4th 1144, 1155 (9th Cir. 2022). I disagree, however, that the district court failed to sufficiently explain or support its decision to impose a consecutive sentence. Because I conclude that the district court adequately justified its sentence, I address Arencibia's argument that the district court impermissibly amended the final judgment under Federal Rule of Criminal Procedure 36.

## I.

Section 5G1.3(c) of the United States Sentencing Guidelines provides that when "a state term of imprisonment is anticipated to result from another offense that is relevant conduct to the instant offense of conviction . . . , the sentence for the instant offense shall be imposed to run concurrently to the anticipated term of imprisonment." While this is mandatory language, a district court retains discretion to impose a sentence outside the Guidelines. *See United States v. Armstead*, 552 F.3d 769, 784 (9th Cir. 2008). But "[i]f [the court] does so, . . . [it] must adequately explain the reason(s) for the deviation." *Id.* A "court's failure to provide a justification for its decision not to apply" an applicable sentencing provision is error. *Id.*[1]

---

[1] The majority relies on the legal standard articulated in *United States v. Shouse*, 755 F.3d 1104, 1108 (9th Cir. 2014), which provides that "[t]he district court

1

Here, the district court did "specifically justif[y] its departure from the Guidelines' mandate of a concurrent sentence." Maj. Dispo. at 3. After considering "the arguments of counsel" and "the guidelines in this case," the district court imposed a downward variance of 14 months' imprisonment but ordered Arencibia's federal sentence to run consecutive to any state sentence he received. The district court explained its decision as follows:

> I think that [a 14-month sentence is] a short enough sentence that it addresses just the possession, but it addresses possession with – while another felony is being committed. And if the State determines that there's a more serious State offense related upon [Arencibia's] conduct, then he will be sentenced on that. But I think a 14-month sentence on its own apart from that conduct is appropriate here and it's appropriate to run them consecutive.

This reasoning explains why the district court concluded that a consecutive, rather than concurrent, sentence is appropriate in this case. As such, in my view, the district court appropriately justified its decision not to apply § 5G1.3(c).

---

need not always specifically justify its choice between concurrent and consecutive sentences but may support its consecutive sentence by clearly explaining its choice of the sentence as a whole with reference to the factors listed in § 3553(a)." Maj. Dispo. at 3 (internal quotation marks omitted) (citation omitted). In my view, the present case is more akin to *Armstead* because that case likewise involved a mandatory sentencing provision. 552 F.3d at 784. *Shouse*, on the other hand, involved a sentencing provision affording district courts "broad discretion" whether to run a sentence "concurrently, partially concurrently, or consecutively." 755 F.3d at 1108 (citation omitted). But here the district court sufficiently justified its consecutive sentence under both *Armstead* and *Shouse*.

2

## II.

Because the majority remands for resentencing related to § 5G1.3(c), it does not address Arencibia's argument that the district court improperly amended the judgment under Federal Rule of Criminal Procedure 36. Rule 36 provides that "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. This rule "is a vehicle for correcting *clerical* mistakes but it may not be used to correct judicial errors in sentencing." *United States v. Penna*, 319 F.3d 509, 513 (9th Cir. 2003). We review a district court's decision to amend a criminal judgment under Rule 36 for clear error. *See United States v. Dickie*, 752 F.2d 1398, 1400 (9th Cir. 1985) (per curiam). Clear error exists only when we are left with "a 'firm conviction' that the district court 'misinterpreted the law' or 'committed a clear abuse of discretion.'" *In re Klamath Irrigation Dist.*, 69 F.4th 934, 941 (9th Cir. 2023).

Initially when the district court ordered the 14-month sentence, it stated that the sentence would "start today." But the district court was struggling with how to impose a consecutive sentence because Arencibia had not yet been sentenced (or even tried) in state court, and it solicited the parties' input on how to achieve its intended sentence. After further considering the issue, the district court announced that it would "run the [federal] sentence consecutive . . . to [Arencibia's] [s]tate

3

[c]ourt sentence," without repeating that the sentence would start that day. The district court subsequently found that the statement in the final judgment that the sentence would "commence this day" was a clerical error. Under these circumstances, the district court's finding is not clearly erroneous, and I would affirm on this issue.

I respectfully dissent in part.