NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 29 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-337 |
| Plaintiff - Appellee, | D.C. No. 3:14-cr-03331-LAB-1 |
| v. | |
| DONATO AGUIRRE-GARCIA, AKA Ismael Antonia Zambrano-Reyes, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted April 8, 2024
Pasadena, California

Before: SILER,** GOULD, and BEA, Circuit Judges.

Defendant Donato Aguirre-Garcia, a Mexican citizen, appeals the district

court's final judgment, which sentenced him to 24 months in prison for violating the

terms of his supervised release, which the court imposed on Defendant following his

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Eugene E. Siler, United States Circuit Judge for the Court of Appeals, 6th Circuit, sitting by designation.

2014 conviction for illegal reentry into the United States. The parties are familiar with the facts. We recount them here only where necessary. We have jurisdiction under 28 U.S.C. § 1291. We affirm the district court's sentencing decision.

When, as here, the defendant "does not raise an objection to his sentence before the district court," we review for plain error. *United States v. Hammons*, 558 F.3d 1100, 1103 (9th Cir. 2009). "Plain error is '(1) error, (2) that is plain, and (3) that affects substantial rights.'" *Id.* (quoting *United States v. Ameline*, 409 F.3d 1073, 1078 (9th Cir. 2005) (en banc)). If these three conditions are met, we may, in our discretion, grant relief if the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.*

1.  The district court's undisputed failure to calculate the applicable Guideline range for Defendant's violation of his supervised release was plainly a "procedural error." *United States v. Ruiz-Apolonio*, 657 F.3d 907, 910 (9th Cir. 2011) (citations omitted). The error did not, however, "prejudice[] . . . [D]efendant's substantial rights" because there is no "reasonable probability that he would have received a different sentence had the district court not erred." *United States v. Ceja*, 23 F.4th 1218, 1227 (9th Cir. 2022) (citations omitted). Probation calculated Defendant's Guideline range as 30–37 months and then reduced it to the 24-month statutory maximum. The Government and Defendant both agreed that the 24-month recommend sentence was correct under the Guidelines. The only question over

2

which the parties and Probation differed was whether this sentence should run consecutively or concurrently with Defendant's two-year state sentence for assault with a deadly weapon and vandalism, in violation of California law.[1] Because 24 months was undisputedly correct under the Guidelines, Defendant did not prove that he would have received a different sentence had the district court correctly calculated that sentence on its own. *United States v. Christensen*, 732 F.3d 1094, 1102 (9th Cir. 2013) (plain error requires defendant to prove his sentence would have differed "absent the error").

2.      Nor did the district court plainly err when it extensively cross-examined Defendant's key witness, Dr. Bangston, during Defendant's sentencing hearing. "It is entirely proper for [a district court] to participate in the examination of witnesses" for the "purpose of clarifying," *United States v. Mostella*, 802 F.2d 358, 361 (9th Cir. 1986), "analyz[ing,] and dissect[ing] the evidence," *United States v. Alfaro*, 336 F.3d 876, 883 (9th Cir. 2003) (citations omitted). When the standard of review is plain error, moreover, a district court's otherwise "nonpartisan" line of questioning will normally "not require reversal," *Mostella*, 376 F.2d at 362, even if it is

---

[1] Defendant does not separately challenge the sentencing judge's decision to impose Defendant's sentence consecutively with the parallel state sentence. It is not apparent, in any event, that this aspect of the decision was plain error. A district court "d[oes] not [have to] specifically justify [his] choice between [imposing a] concurrent [or] consecutive sentence[]," *United States v. Fifield*, 432 F.3d 1056, 1064–65 (9th Cir. 2005), and otherwise retains "broad discretion" in choosing between the two, *United States v. Shouse*, 755 F.3d 1104, 1108 (9th Cir. 2014).

"inappropriately extensive and suggestive of the court's own conclusion," *United States v. Morgan*, 376 F.3d 1002, 1008 (9th Cir. 2004).

3. Here, while true that the court's examination of Dr. Bangston exceeded the combined length of Defendant's and the Government's questions, the court's questioning hewed to Dr. Bangston's experience, her knowledge of Defendant's prior criminal history, and her reliance on the "super-strike" offense classification as a proper metric for gauging Defendant's dangerousness. These were valid points of inquiry that the court warned Defendant it would ask ahead of time, and it is not apparent that the court's displeasure with the Government's decision not to charge Defendant separately with illegal reentry influenced the court's questioning of Dr. Bangston at any point. For these reasons, we cannot say that the court's examination of Dr. Bangston evidenced the court's failure to preside as an impartial adjudicator over Defendant's sentencing proceedings.

**AFFIRMED.**