NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 8 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> ROBERT KINOSHITA, <br><br> Defendant - Appellant. | No. 24-1746 <br><br> D.C. No. <br> 1:23-cr-00070-HG-1 <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Hawaii
Helen W. Gillmor, District Judge, Presiding

Submitted October 6, 2025[**]
Honolulu, Hawaii

Before: McKEOWN, FRIEDLAND, and SUNG, Circuit Judges.

Robert Kinoshita appeals his sentence for possession of methamphetamine with intent to distribute. Because the parties are familiar with the facts, we do not recite them here. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Kinoshita challenges the methamphetamine purity disparity in U.S. Sentencing Guideline 2D1.1 both categorically and as applied to his case. We decline to hold that the methamphetamine guidelines are categorically unreasonable. Moreover, the district court acted within its discretion when it rejected Kinoshita's policy arguments and imposed a Guidelines sentence. A district court has "no obligation" to "vary from the Guidelines" on policy grounds. *United States v. Carper*, 659 F.3d 923, 925 (9th Cir. 2011). At sentencing, "[a]ll that is required of a district court faced with policy arguments is an indication that it understood its authority to vary from the Guidelines on these grounds before deciding not to do so." *United States v. Kabir*, 51 F.4th 820, 828 (9th Cir. 2022). The district court recognized its authority to consider Kinoshita's policy arguments and sufficiently explained its decision to reject them.

The district court did not violate the Sixth Amendment or 18 U.S.C. § 3553(c) when it issued a minute entry after the sentencing hearing to further explain its reasoning. The reasons for the sentence given in open court and in the minute entry were essentially the same. The court therefore met its obligation to state its reasons "at the time of sentencing." *United States v. Miqbel*, 444 F.3d 1173, 1179–80 (9th Cir. 2006) (emphasis omitted) (quoting § 3553(c)). For the same reason, the minute entry does not implicate the Sixth Amendment. *See United States v. Ramirez-Ramirez*, 45 F.4th 1103, 1111 (9th Cir. 2022) ("An action

that violates the right to a public trial may nevertheless fail to 'implicate the constitutional guarantee' if it is 'too trivial.'" (quoting *United States v. Rivera*, 682 F.3d 1223, 1229 (9th Cir. 2012))).

Finally, the district court acted within its discretion when it imposed a term of imprisonment to run consecutively to Kinoshita's state custodial sentence for violating probation. Courts have "broad discretion to determine how the sentence imposed should run." *United States v. Shouse*, 755 F.3d 1104, 1108 (9th Cir. 2014). When sentencing a defendant, "[t]he district court need not 'always specifically justify its choice between concurrent and consecutive sentences' but may support its consecutive sentence by clearly explaining 'its choice of the sentence as a whole with reference to the factors listed in § 3553(a).'" *Id.* (quoting *United States v. Fifield*, 432 F.3d 1056, 1066 (9th Cir. 2005)). The district court adequately explained its sentence with reference to the 18 U.S.C. § 3553(a) factors.

**AFFIRMED.**