NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 14 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-30042 |
| Plaintiff-Appellee, | D.C. No. 3:18-cr-00140-TMB-MMS-1 |
| v. | |
| CLINT REGISTE, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Timothy M. Burgess, District Judge, Presiding

Submitted April 22, 2026**

Before: LEE, DESAI, and JOHNSTONE, Circuit Judges.

Clint Registe appeals from the district court's judgment and challenges his guilty-plea conviction and 120-month sentence for being a felon in possession of firearms in violation of 18 U.S.C. § 922(g)(1). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). The request for oral argument is denied.

Registe first contends that the district court erred under U.S.S.G. § 5G1.3(c) by declining to run his federal sentence concurrent to his then prospective state sentence. However, the court did not abuse its "broad discretion" by determining that a consecutive, statutory maximum sentence was warranted under the 18 U.S.C. § 3553(a) factors, including the need to protect the public and Registe's substantial criminal history involving violence and firearms. *See United States v. Shouse*, 755 F.3d 1104, 1108-09 (9th Cir. 2014).

Registe next contends that § 922(g)(1) violates the Second Amendment. This claim is foreclosed. *See United States v. Duarte*, 137 F.4th 743, 761 (9th Cir. 2025) (en banc) (rejecting constitutional challenge to § 922(g)(1)'s categorical disarmament of felons), *cert. denied*, __ S. Ct. __, 2026 WL 135692 (U.S. Jan. 20, 2026).

**AFFIRMED.**